STIRLING CO. v. ST. LOUIS BREWING ASS'N.

(Circuit Court, E. D. Missouri, E. D. March 4, 1897.)

No. 3,876.

1. PATENTS—PRIOR USE—DIVISIONAL APPLICATIONS.
   A claim was erased from the original application by an amendment stating that it was for the purpose of being made the subject of a divisional application. The divisional application was accordingly made, and a patent issued thereon containing claims covering the matter in question. *Held* that, so far as regarded a defense of two years' public use, this claim related back to the first application.

2. SAME—VALIDITY AND INFRINGEMENT—STEAM BOILERS.
   The Pell patent, No. 539,189, for an improvement in water-tube steam boilers, whereby the water tubes are made to sustain the weight of the mud drum and its contents, so that their expansion and contraction produces no injurious results, shows a patentable combination as to the second claim, which is infringed by a boiler having three mud drums, one of which is sustained by the tubes.

This was a suit in equity by the Stirling Company against the St. Louis Brewing Association, for alleged infringement of a patent for an improvement in steam boilers.

Banning & Banning and Carr & Carr, for complainant.
W. Bakewell, T. W. Bakewell, and Paul Bakewell, for defendant.

ADAMS, District Judge. This suit is founded on the second claim of letters patent of the United States No. 539,189, issued to Harry S. Pell, May 14, 1895, for an improvement in steam boilers. The application on which the patent was issued was filed June 5, 1894, but the record shows that an application for the same subject-matter, so far as regards the second claim, was filed December 22, 1893. The invention is shown to have gone into public use in the early part of 1892,—"somewhere between January and May of that year." The first application was rejected January 27, 1894, and again March 31, 1894; and on April 5, 1894, an amendment was filed erasing its first claim, the one covering the subject-matter in controversy. As a reason for erasing such claim, this amendment stated: "The subject-matter of claim 1 is thus taken out of this case, in order that it may be made the subject of another or divisional application." On May 2, 1894, an interference was declared between the first application and another pending application; and on June 5, 1894, the second application—the one in which the patent sued on was issued—was filed, covering the subject-matter now in controversy and other subject-matter. On these facts I hold that, so far as regards the defense of

two years' public use, the claim sued on relates back to the first application, and hence that the defense of public use is not made out. Godfrey v. Eames, 1 Wall. 317, 325; Smith v. Vulcanite Co., 93 U. S. 486, 500; Graham v. McCormick, 5 Ban. & A. 244, 248, 11 Fed. 859.

The claim sued on relates to supporting the lower mud drum of water-tube boilers. The specification describes, and the claim calls for, a combination in which the water tubes are required to sustain "the weight of the mud drum and its contents, whereby provision is made for expansion and contraction of the drums and pipes." Prior to the invention, the mud drum seems to have been supported rigidly on a chair or masonry, and some patents show the elevated steam and water drums resting on the tubes or suspended from columns or girders. In these boilers the expansion or contraction of the metal necessitated a corresponding disturbance or movement of the upper drums and upper ends of the tubes; and, as one witness says, "this lifting and bending caused a great many cracks to occur in the tubes, more especially in the front row," "the tubes loosening in the tube sheets, the bending and breaking of the tubes, and the cracking of the brick settings." In the patented boiler, however, it is the lower mud drum and lower ends of the tubes that are subjected to this disturbance or movement; and, these parts being free to move as required, this disturbance produces no injurious results. On the case as presented, I hold that changing the construction and operation as described amounted to a material and patentable difference over everything shown in the prior art. The boiler shown in the patent sued on has but a single mud drum; but the specification states "that more than one may be used as desired," and that "when more than one is used they may all be supported as above, or some of them supported in this way and others otherwise." The defendant's boiler has three mud drums, at least one of which is suspended or sustained by the tubes connecting it to the elevated steam and water drums. I therefore hold that the defendant's boiler is an infringement of the second claim of the patent sued on.