### HAYES-YOUNG TIE PLATE CO. v. ST. LOUIS TRANSIT CO.

(Circuit Court, E. D. Missouri, E. D. April 15, 1904.)

No. 4,910.

1. PATENTS—PROCEEDINGS TO OBTAIN—EFFECT OF ABANDONMENT OF FIRST APPLICATION.

Where the Commissioner of Patents denied a petition for the revival of an application on the ground that there had been such unexcused delay in its prosecution as to work an abandonment under Rev. St. § 4894 [U. S. Comp. St. 1901, p. 3384], a new application filed thereafter cannot be regarded as a continuation of the same proceedings, but stands on the same footing as though no previous application had been made; and to authorize the granting of a patent thereon it must appear that the invention had not been in public use or on sale in this country for more than two years prior to such application.

2. SAME—SUIT FOR INFRINGEMENT—REQUISITES OF BILL.

A bill for infringement must allege that the invention of the patent had not been in public use or on sale in this country for more than two years prior to the application for the patent.

In Equity. Suit for infringement of patent. On demurrer to bill.

Higdon, Longan & Hopkins, for complainant.

Boyle, Priest & Lehmann, for defendant.

ADAMS, District Judge. This is a demurrer to a bill for the infringement of a patent. It alleges that on July 23, 1894, James M. Hayes, under whom the complainant claims title, made an application for a patent upon his invention; that this application was rejected by the Commissioner on October 8, 1894; that afterwards Hayes presented an application for the revival of the abandoned petition, which was denied by the Commissioner; and that on April 15, 1901,

¶ 2. Pleading in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

See Patents, vol. 38, Cent. Dig. § 508.

Hayes filed an entirely new application for his patent. The chief ground of the demurrer is that the bill fails to allege that the invention had not been in public use or on sale for more than two years prior to the time the second application was filed.

I think the bill, when fairly construed, fails to make any such averment. The second paragraph of the bill avers that James M. Hayes, heretofore and before the 23d day of July, 1894, was the true, original, and first inventor of a certain new and useful improvement in tie plates, not known or used by others in this country, and not patented or described in any printed publication in this or any foreign country before his invention thereof, and not in public use or on sale for more than two years prior to his application for a patent therefor. In the third paragraph the bill avers that on the 23d day of July, 1894, Hayes duly made application to the Commissioner of Patents for letters patent; and, after reciting the history of that application and its final rejection, it alleges that Hayes was advised to file an entirely new application, and that on April 15, 1901, an entirely new application was filed, and that the applicant then made oath that the invention had not been in use or on sale for more than two years prior to the time that his original application was placed on file in 1894. The bill alleges that this new application was filed as a substitute for or continuation of the original application. All these averments, taken together, show that the complainant did not intend by paragraph 2 to allege that the invention of the patent had not been in public use or on sale for more than two years prior to his last application, made in 1901, but that he thereby did intend to state that his invention had not been in public use and on sale for more than two years prior to the time that his application for a patent was made, namely, that of 1894, so that the demurrer presents the question fairly as to whether the application made in 1901 was a continuance of the application made in 1894, and whether it gains any advantage from the fact that an application was made in 1894.

Act July 8, 1870, c. 230, § 32, 16 Stat. 202 (section 4894 Rev. St. [U. S. Comp. St. 1901, p. 3384]), provides that:

"All applications for patents shall be completed and prepared for examination within two years after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within two years after any action therein, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

The bill in this case avers that Hayes presented to the Commissioner of Patents a petition for the revival of his abandoned application, and accompanied the same by what he thought were good and sufficient reasons for the formal abandonment; but the bill affirmatively avers that the Commissioner held that the reasons assigned were not sufficient to account for the delay in the prosecution of the application. It therefore clearly enough appears that Hayes did not bring himself within the protecting provision of the section just referred to. His application made in 1894 was therefore abandoned.

The other remaining question is whether it was necessary to aver in the bill of complaint that the invention of the patent had not been

in public use or on sale for more than two years prior to the application, which was made in 1901. As already seen, this averment does not appear. In my opinion it is a necessary jurisdictional averment. It is an averment of a fact, which is of the essence of the right of action, and must therefore be stated in the complaint. The rights of the complainant in this case must date from the date of the second application in 1901, and, if· he has secured a valid patent as of that date, his rights will be enforced, notwithstanding the abandonment of the application of 1894; but, as I understand counsel, the fact is that the complainant did have the invention of the patent in public use for more than two years prior to the filing of the application in 1901. Accordingly, if that is the fact, this ruling goes to the merits of the action. If the court has misconstrued the language employed, and if it be true that the invention was not in public use or on sale for more than two years prior to the application in 1901, the complainant can take leave to amend his bill and state the truth in that particular.

The demurrer must be sustained.