HAYES–YOUNG TIE PLATE CO. v. ST. LOUIS TRANSIT CO.

(Circuit Court of Appeals, Eighth Circuit. April 5, 1905.)

No. 2,108.

1. PATENT—ABANDONMENT OF APPLICATION AND OF INVENTION—PATENT ON SECOND APPLICATION.

An abandonment of an application for a patent is not necessarily an abandonment of the invention, and a patent may lawfully issue on a second application, although the first has been abandoned. In such a case the absence of prior use or sale of the invention for more than two years prior to the second application is indispensable to the validity of the patent.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 109.]

2. SAME—SUBSEQUENT APPLICATIONS—CONTINUANCE OF ORIGINAL PROCEEDING.

In cases in which the original application has not been abandoned, subsequent applications and amendments constitute a continuance of the first proceeding, and the two years' public use or sale which may avoid the patent must be reckoned from the presentation of the first application, and not from the filing of subsequent applications or amendments.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 100.]

3. SAME—WHEN ESTABLISHED SUBSEQUENT APPLICATION A NEW PROCEEDING—TIME RECKONED FROM ITS FILING.

The abandonment of an application destroys the continuity of the solicitation of the patent. A subsequent application institutes a new proceeding, and the two years' public use or sale which may invalidate the patent must be counted from the filing of the later application.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 100.]

4. SAME—COMMISSIONER'S FINDING PRESUMPTIVELY CORRECT.

The legal presumption is that a decision of a question of fact by an executive officer to whom the law intrusted its determination is correct,

and the finding of the Commissioner of Patents under section 32 of the act of July 8, 1870 (16 Stat. 202, c. 230; U. S. Comp. St. 1901, § 4894, p. 3384), that the delay which caused the abandonment of an application was not unavoidable, is sustained by that presumption.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 163.]

5. SAME—PLEADING OF SPECIFIC FACTS REQUISITE TO OVERCOME THIS PRESUMPTION.

Averments of specific facts or circumstances from which it appears that, if they are true, the fact was probably otherwise than the finding, are essential in a pleading for the purpose of overcoming this presumption. Allegations that the fact differs from the finding, or that the decision is erroneous, without more, are futile.

6. PLEADING—SPECIFIC CONTROL GENERAL AVERMENTS.

A general allegation in a pleading is controlled and limited by specific averments on the same subject.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 68.]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

For opinion below, see 130 Fed. 900.

The Hayes-Young Tie Plate Company, a corporation, exhibited its bill in the Circuit Court for the Eastern District of Missouri for relief from the infringement of letters patent No. 688,852, issued on December 17, 1901, to James N. Hayes and his assignees. A demurrer to this bill was sustained, and it was dismissed on the ground that it did not state facts sufficient to constitute a cause of action. The material facts stated in the bill were these: On July 23, 1894, Hayes, the inventor, filed an application for a patent, which was rejected on October 8, 1894. He was informed of this rejection, but, by reason of illness, infirmity, and lack of funds, the application became abandoned for want of prosecution, under the rules of the Patent Office. After his recovery from his illness he presented to the Commissioner of Patents a petition for the revival of his abandoned application, and accompanied it with good and sufficient reasons for the abandonment; but the commissioner held that these reasons were not sufficient to account for the delay in the prosecution of the application, and advised the inventor to file an entirely new application. On April 15, 1901, he filed a new application as a substitute for or continuation of the original application, and the patent issued on December 17, 1901. There was no averment in the bill that the invention was not in public use or on sale for more than two years prior to the second application, and the court below sustained the demurrer upon this ground.

John C. Higdon (Edward E. Longan and James L. Hopkins, on the brief), for appellant.

Sears Lehmann, for appellee.

Before SANBORN, Circuit Judge, and PHILIPS and RINER, District Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The fact that an invention was not in public use or on sale in this country for more than two years prior to the application for the patent is an indispensable condition of its validity, and an averment of that fact is essential to the statement of a good cause of action for its infringement. U. S. Comp. St. 1901, § 4886, p. 3382; Walker on Patents (3d Ed.) § 425, p. 350; Krick v. Jansen (C. C.) 52 Fed. 823, 824; Nathan Mfg. Co. v. Craig (C. C.) 47

Fed. 522, 524; Blessing v. Copper Workc Co. (C. C) 34 Fed. 753. The chancellor below ruled that the bill in this case contained no allegation that the invention was not in public use or on sale in this country for more than two years prior to the filing of the application of April 15, 1901, although it presented an averment that the invention was not in public use or on sale for more than two years prior to the filing of the application of July 23, 1894. Thereupon he gave to the complainant permission to amend its bill by inserting an allegation therein to the effect that the invention was not in public use or on sale more than two years prior to the second application. The tie company refused to accept this permission, and thus in effect conceded that the court's construction of the pleading was right.

The first question, therefore, is whether or not the absence of public use and sale for two years prior to the filing of the second application was essential to the validity of the patent. Counsel for the appellant contend that it was not, because the second application was either a substitute for or a continuation of the original application, so that the right of the patentees is conditioned by the public use and sale prior to the filing of the first, and not prior to the filing of the second, application. In support of this proposition, they cite many authorities, which have been carefully examined, but they are not inconsistent with these rules, which seem to be well established. There is a wide difference between the abandonment of an invention and the abandonment of an application for it. An abandonment of an application is not necessarily an abandonment of the invention, and, after the application has been abandoned, a valid patent for the invention may nevertheless be secured upon a new application, provided the invention has not gone into public use or been upon sale for more than two years prior to the filing of the latter. In cases in which the first application has not been abandoned, subsequent applications and amendments constitute a continuance of the original proceeding, and the two years' public use or sale which may avoid the patent must be reckoned from the presentation of the first application, and not from the filing of subsequent applications or amendments. U. S. v. American Bell Telephone Co., 167 U. S. 224, 17 Sup. Ct. 809, 42 L. Ed. 144; Colgate v. Western Union Tel. Co., Fed. Cas. No. 2,995; Miehle v. Read, 96 O. G. 426; Thomson-Houston Electric Co. v. Winchester Avenue R. Co. (C. C.) 71 Fed. 192, 73 O. G. 2155; Godfrey v. Eames, 1 Wall. 317, 17 L. Ed. 684; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952; Cain v. Park, 14 App. D. C. 42, 86 O. G. 797, 798; Ex parte Stewart, 4 O. G. 665; Stirling Co. v. St. Louis Brewing Ass'n (C. C.) 79 Fed. 80; Dederick v. Fox (C. C.) 56 Fed. 714, 717; Ligowski Clay-Pigeon Co. v. American Clay-Bird Co. (C. C.) 34 Fed. 328, 333.

But the abandonment of an application destroys the continuity of the solicitation of the patent. After abandonment a subsequent application institutes a new and independent proceeding, and the two years' public use or sale which may invalidate the patent

issued upon it must be counted from the filing of the later application. Bevin v. East Hamilton Bell Co., Fed. Cas. No. 1,379; Lindsay v. Stein (C. C.) 10 Fed. 907; Lay v. Indianapolis Brush & Broom Mfg. Co., 120 Fed. 831, 835, 57 C. C. A. 313, 317; Mowry v. Barber, Fed. Cas. No. 9,892; Marsh v. Sayles, Fed. Cas. No. 9,119; Ex parte Simpson, Fed. Cas. No. 12,878; Carty v. Kellogg, 73 O. G. 285; Cain v. Park, 86 O. G. 797, 798.

Hence the ultimate question in the case becomes, does the bill disclose the fact that the first application for the patent was abandoned? The act of July 8, 1870, c. 230, § 32, 16 Stat. 202 (U. S. Comp. St. 1901, § 4894, p. 3384), reads in this way:

"All applications for patents shall be completed and prepared for examination within two years after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within two years after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

The complainant avers in its bill that the application of July 23, 1894, was rejected on October 8, 1894; that he was advised of that fact, "but by reason of a serious illness and continued infirmity which rendered the applicant almost helpless for a number of years, and also from lack of funds, the said application became, under the rules of the Patent Office, abandoned for want of prosecution"; that he presented to the Commissioner of Patents a petition for the revival of his abandoned application, and accompanied it with good and sufficient reasons for the abandonment, but the commissioner held that these reasons were insufficient to account for the delay in the prosecution of his claim, and advised him to file an entirely new application; that on April 15, 1901, he filed such an application "as a substitute for or continuation of the original application"; that he made an oath at this time with the intent and purpose of testifying that the invention had not been in public use for more than two years prior to the filing of the original application, but that he did not make his oath in that exact language, and that on December 17, 1901, the patent issued.

Counsel for the appellant cite Godfrey v. Eames, 1 Wall. 317, 17 L. Ed. 684; U. S. v. American Bell Tel. Co., 167 U. S. 224, 17 Sup. Ct. 809, 42 L. Ed. 144; Smith v. Goodyear Dental Vulcanite Co., 93 U. S. 486, 23 L. Ed. 952; Ex parte Stewart, 4 O. G. 665; Colgate v. Western Union Tel. Co., Fed. Cas. No. 2,995, and other authorities in which applications were under consideration which had been presented to the commissioner before the passage of the act of 1870, in support of the position that mere delay or inaction on the part of the applicant for long periods of time does not establish the abandonment of the application. But the proceedings under consideration in those cases were not governed by the express legislative declaration that, upon the failure of the applicant to prosecute his proceeding for more than two years after any action taken therein, his application shall be regarded as abandoned unless the commissioner is satisfied that the delay was unavoidable, which

was first enacted in 1870, and for this reason these decisions do not rule the issue of abandonment in the case at bar, which arose under the act of 1870.

Counsel invoke the rule that the decision of an officer of the executive department of the government of a question which the acts of Congress impose upon him the duty to decide is presumptively correct, and then argue that by the issue of the patent the commissioner rendered a judgment which the courts ought not to disturb, to the effect that the delay in the prosecution of the first application was unavoidable and was excused. The legal, but rebuttable, presumption undoubtedly is, that the commissioner rightly decided the questions which it was necessary for him to determine in order to issue the patent. But it was not indispensable to its issue that he should decide that Hayes' delay in the prosecution of his first application was unavoidable. If it was avoidable, and if he had abandoned his first application, he was nevertheless entitled to a patent upon a new application, if he had not abandoned his invention, and if it had not been in public use for more than two years before the filing of his second application. The commissioner may have held these to be the facts which warranted the issue of the patent, and the averments of the bill sustain the proposition that this must have been his ruling. They declare that he had heard the evidence, and had deliberately adjudged that the delay of the applicant was not unavoidable; that he had denied his petition to revive his first application; that he had advised him to file an entirely new application; that the inventor had done so; that he had made a new oath, in which he did not exactly state that his invention had not been in public use for more than two years before the filing of the first application, although he had the intent and purpose to make such a statement; and that the patent was then issued. The only conceivable purpose of his failure to make a plain statement in his oath that the invention was not in public use prior to the first application is that the ambiguity of the oath might lead the commissioner to believe it contained the statement that the invention was not in public use or upon sale for that length of time before the filing of the last application. This was undoubtedly the commissioner's interpretation of the oath, and his decision must have been that the first application was abandoned, but that the invention was not renounced, and that the applicant was entitled to his patent upon his new application. Any other conclusion is inconsistent with the deliberate adjudication of the commissioner, when that single issue was tried by him, that the applicant's delay was avoidable, and that his application could not be revived, as well as with his advice to him to file an entirely new application, and it is inadmissible. The result is that the judgment of the commissioner that the first application was abandoned stands without modification or reversal, and that the legal presumption that it was right sustains it.

Nor does the bill contain averments sufficient to overcome this presumption. Its allegations present nothing but bald statements that by reason of the inventor's illness, infirmity, and lack of funds

his application became abandoned, and that he presented to the commissioner good and sufficient reasons for this abandonment, which the commissioner adjudged to be insufficient to account for his delay. These allegations disclose no facts from which the court can determine when, how long, or in what way the delay was unavoidable. Averments of specific facts or circumstances from which the court may see that, if they are true, the fact was probably otherwise than the finding, are essential in a pleading for the purpose of overcoming the legal presumption that the determination of a question of fact by an executive officer to whom its decision is intrusted by the law is correct. Allegations that the fact differs from the finding, or that the decision is wrong, without more, are futile.

Finally, it is said that the bill shows that there was no abandonment of the first application, because it contains the allegation that the second application was filed "as a substitute for or continuation of the original application." But the answer is that this is a general averment of a conclusion, which is inconsistent with and is overcome by the specific allegations in the pleading that the first application became abandoned, that the commissioner adjudged that the delay in prosecuting it was not unavoidable and that the application could not be revived, and that the bill disclosed no facts to overcome the presumption of the correctness of this conclusion. A general allegation in a pleading is controlled and limited by specific averments on the same subject. Boatmen's Bank v. Fritzlen et al. (C. C. A.) 135 Fed. 650; Mayer v. Fort Wayne, C. & L. R. Co. (Ind. Sup.) 31 N. E. 567, 568; Reynolds v. Copeland, 71 Ind. 422; Pinney v. Fridley, 9 Minn. 34 (Gil. 23).

The complainant averred that the first application was abandoned; that on a trial of the issue before the commissioner under section 32 of the act of July 8, 1870, he adjudged that the delay which caused this abandonment was not unavoidable, and the bill contained averments of no facts which show that this judgment was wrong. The unavoidable conclusion is that the first application of Hayes was abandoned; that the second application was not a continuation of the original solicitation, but the institution of a new and independent proceeding; that the patent is founded on the second application alone; and that the absence of any averment that the invention was not in public use or on sale in this country for more than two years before the latter application was presented to the commissioner is fatal to the cause of action for an infringement of the patent.

The decree below is affirmed.