MATTEAWAN MFG. CO. v. EMMONS BROS. CO.

(Circuit Court of Appeals, First Circuit. · March 6, 1911.)

No. 895.

1. PATENTS (§ 310*)—INVENTION—EVIDENCE.

The art of sticking a layer of fur to a felted hat body is not a matter of common knowledge, and the question whether a patent for a process and machine for performing such operation discloses invention can only be determined by evidence, and cannot be adjudicated on demurrer.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 536; Dec. Dig. § 310.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. PATENTS (§ 328*)—INVENTION—MACHINE FOR FURRING HATS.**

The Baglin patent, No. 508,462, for a machine and process for sticking fur to felted hat bodies, *held* not void on its face for lack of invention.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Suit in equity by the Matteawan Manufacturing Company against the Emmons Bros. Company. Decree for defendant, and complainant appeals. Reversed.

Fritz v. Briesen (Fred H. Williams, on the brief), for appellant.
Louis W. Southgate, for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

COLT, Circuit Judge. This suit was brought for infringement of the Baglin patent, No. 508,462, for a machine for sticking fur to a felted hat body, and the present hearing was on demurrer to the bill.

In describing his invention the patentee says that it consists partly in the method and partly in the means or apparatus:

"This invention consists partly in a method of sticking fur to a previously felted hat body by applying a layer of fur to the felted hat body, and then subjecting the material to the combined pressing and rubbing action of a vibrating jigger.

"It also consists in a means for applying the friction of a vibrating jigger to the hat body and fur bat in a conical form.

"The apparatus consists in a cone and bell adapted to hold the hat body between them, and means for pressing the cone and bell one upon the other and vibrating one of them in relation to the other.

\* \* \* \* \* \* \* \* \* \* \* \*

"Prior to my invention, I am not aware that the sticking of bats to previously felted hat bodies has ever been effected by mechanism, and I have therefore claimed the use of a vibrating jigger, irrespective of heat and moisture, to produce the combined pressing and rubbing action required. I have also claimed the method of sticking by a vibrating jigger and steam. The sticking operation is effected by pressing the bell and cone upon the hat body and the fur bat, and oscillating one of them in relation to the other; and it is obviously immaterial which one is pressed upon the other, or oscillated to rub the fibers of the fur and hat body together."

Claims 1 and 2 read as follows:

"1. The herein described method of sticking fur to a previously felted hat body, which consists in applying a layer of fur to the felted hat body and then subjecting the material to a combined pressing and vibrating jigger action, substantially as described.

"2. The herein described method of sticking fur to a previously felted hat body, which consists in applying a layer of fur to the felted hat body and then subjecting the material to a combined pressing and vibrating jigging action with heat, substantially as described."

The grounds of demurrer are (1) that these claims are invalid for want of invention, and (2) that they are invalid as covering merely the function of a described machine.

With respect to the first ground of demurrer it may be said that the art of sticking a layer of fur to a felted hat body is not a matter of common knowledge, and that the question of invention, therefore,

can only be determined by evidence. The only knowledge we have of the prior art is a statement by the patentee in his specification, which in itself presents a good foundation upon which to base invention:

"Prior to my invention, I am not aware that the sticking of bats to previously felted hat bodies has ever been effected by mechanism."

While it is true that claims 1 and 2 are broad claims, covering the method of doing this work, it is also true that we are unable to decide the question of their validity in the absence of proof as to the nature of the operation and as to the prior state of the art.

With respect to the second ground of demurrer, that these claims only cover the function of the machine described in the specification, it is clear that upon their face they are not so limited, and that in form they are true method claims.

Whether these claims should be limited to the function of the machine, in view of certain expressions in the specification in which the method is described as "the method of sticking by a vibrating jigger and steam," is a question which should be reserved for final hearing on the merits.

In our opinion, this is a case in which the rights of the parties cannot be properly adjudicated on demurrer, and therefore the demurrer should be overruled.

The decree of the Circuit Court is reversed, and the case remanded to that court for further proceedings; and the appellant recovers its costs of appeal.