## MATTEAWAN MFG. CO. v. EMMONS BROS. CO.

(Circuit Court of Appeals, First Circuit.  September 12, 1918.)

### No. 1319.

1. PATENTS ⊕⊃112(5)—SUIT FOR INFRINGEMENT—DECISIONS OF PATENT OFFICE—WEIGHT.

When a court is asked to overturn a decision of the Patent Office on a question of fact, the proof should be clear and convincing.

2. PATENTS ⊕⊃328—VALIDITY—METHOD OF STICKING FUR TO FELTED HAT BODY.

The Baglin patent, No. 508,462, for a method of sticking fur to a felted hat body, claims 1 and 2, *held* void for lack of invention.

3. PATENTS ⊕⊃37—INVENTION.

It is not invention to apply an old force through known instruments used in their accustomed manner to known objects and producing known effects.

4. WORDS AND PHRASES—"CARROTED FUR."

"Carroted fur" is fur that has been treated by a solution of nitrate of mercury, so as to remove the water-repellent substance covering the fibers of the fur, causing the scales upon their surface to protrude to a greater extent than they do upon those of raw or uncarroted fur, and the body of the fiber itself to absorb moisture, making it more pliable and in this condition more easily to interlock with other fibers of fur, or of wool.

5. WORDS AND PHRASES—"STICKING"—"FELTING."

The processes of "sticking" and "felting," as applied to the manufacture of fur felt hats, only differ in the extent to which the fibers become interlocked.  In the former process, only a part in length of the fur fibers becomes interlocked with the wool fibers, while in the latter process the fur fibers become interlocked with the wool fibers, or with other fibers of fur, for their whole length.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit in equity by the Matteawan Manufacturing Company against the Emmons Bros. Company.  Decree for defendant, and complainant appeals.  Affirmed.

Fritz v. Briesen, of New York City (Briesen & Schrenk, of New York City, on the brief), for appellant.

Louis W. Southgate, of Worcester, Mass. (Charles T. Hawley, of Holden, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

JOHNSON, Circuit Judge.  This is an appeal from the District Court of Massachusetts dismissing the bill of the plaintiff, which alleged infringement by the defendant of United States patent No. 508,462, issued November 14, 1893, to W. H. Baglin, whose title, by assignments, passed to this plaintiff February 2, 1909.  Claims 1 and 2 of the patent are those which it is claimed were infringed, and this court has found them to be true method claims "whose validity and scope could only be

⊕⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

determined on final hearing." 185 Fed. 814, 108 C. C. A. 46. They are as follows:

"1. The herein-described method of sticking fur to a previously felted hat body, which consists in applying a layer of fur to the felted hat body and then subjecting the material to a combined pressing and vibrating jigging action, substantially as described.

"2. The herein-described method of sticking fur to a previously felted hat body, which consists in applying a layer of fur to the felted hat body and then subjecting the material to a combined pressing and vibrating jigging action, with heat, substantially as described."

The only difference between the two claims is that in the second the words "with heat" are added after the words "jigging action"; but nothing novel is claimed for the use of heat in the alleged method.

The validity of the patent was attacked on the ground that it was abandoned under section 4894 of the Revised Statutes (Comp. St. 1916, § 9438), which reads as follows:

"All applications for patents shall be completed and prepared for examination within two years after the filing of the application, and in default thereof, or upon failure of the applicant to prosecute the same within two years after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

Baglin filed an application for the patent on February 21, 1882. This application was placed in several interferences, and for more than seven years no action was taken in the Patent Office; but on December 9, 1890, the Commissioner of Patents entered an order for Baglin to show cause why his application should not be considered abandoned by failure to prosecute within two years, within the meaning of section 4894. In response to this order affidavits were filed, and on them the Commissioner of Patents held that Baglin's delay was unavoidable.

[1] The learned judge in the court below held, on the authority of Hays-Young Company v. St. Louis Transit Company, 137 Fed. 80, 70 C. C. A. 1, that the evidence introduced by the defendant was not sufficient to overcome the prima facie presumption in favor of the correctness of the commissioner's ruling, and we agree with him. We think that, when a court is asked to overturn a decision upon a question of fact by an executive officer of the government to whom the law has intrusted its determination, the proof introduced should be clear and convincing; and we do not find sufficient evidence to show that the decision of that preliminary question by the commissioner was so clearly wrong as to justify this court in setting it aside.

After the resumption of interference proceedings a decision was rendered in favor of Baglin and the patent issued November 14, 1893.

[2] The question presented for our consideration, and the only one which we find it necessary to consider, is whether the claims upon which the plaintiff relies are void for want of invention.

In manufacturing hats of wool and fur a layer of fur is placed or blown upon a felted hat body made of wool, the fibers of which have been compacted by a combined pressing and vibrating motion, usually with heat. The first step in the process is to make the layer of fur

stick to the hat body of felt, or to so unite them that, being subjected to pressure, scalding, and rolling, they may further unite.

Baglin, by his patent, claimed nothing new in the use of fur and wool to make a hat, or that there was anything novel in making the individual fibers of the fur, because of the scales upon them, penetrate the felted wool and stick to it until they could be made to penetrate still further by the pressing, rolling, and scalding processes to which the combined felt and fur were afterward subjected. Previous to his patent the preliminary sticking of the layer of fur to the hat body had been accomplished by hand with the use of brushes and hot water, by laying the hat body with the fur upon it on a perforated table through which steam was injected into the felted body, and by the dextrous use of a brush causing the fibers of the fur to penetrate the felt body to such an extent that the layer of fur and the felt body could thereafter be treated together, and a closer union of the fibers of the fur and those of the felt obtained. A jigging machine had long been in use in the manufacture of hats in felting fur and wool separately and in combination.

Baglin in his invention claimed to effect the old result of the preliminary sticking of the fur to the felt body by "a combined pressing and vibrating, jigging action," thus accomplishing by use of a jigger what had previously been done by hand by the use of brushes. For the success of this movement pressure was necessary, and with it a vibratory movement of the brush in the hand of the operator, because it is apparent that the skilled operator must have seen the necessity of separating the fibers of the fur by the short, vibratory movements of a brush before striking the fur with it to make the preliminary penetration of the felted hat body. .

It is not claimed that Baglin invented the jigger or any new machinery, but that the process which he discovered was new. It had long been known that the exterior surfaces of hair fibers, as well as those of wool, were covered with scales, which all point in the same direction—away from the root or butt end, towards the tip of the fiber—and that because of these scales the fur fibers could be made to penetrate into a felted body, whether completely felted or only partially felted, and after this penetration they could not be removed.

In Burr v. Duryee, 1 Wall. 531, 17 L. Ed. 650, the structure of the fur fibers and the use of the same in the manufacture of hats is fully discussed, and it is there pointed out that the reason why the fibers of fur or of wool may be made to combine by pressure is due to the scales upon their surfaces, so that they may be made to interlock and combine. It is true that, by the use of the jigger, the process of sticking can be carried on more rapidly than by exerting the pressure by hand or with the old brush which had been long used; but the process is the same, and dependent upon the natural properties of the fur fibers, which, under pressure, can be driven into the interstices between the wool fibers, so that the fur will become sufficiently attached to the hat body to allow the two together to be subjected to other processes.

It is plain that the action of the jigger is not necessary to effect the result of sticking the layer of fur to the felt, and that what is meant

by "vibrating jigger action" is a vibrating action similar to that produced by a jigger; all of which movements counsel for the plaintiff admits in argument can be performed by hand, and we think were so performed before Baglin's patent issued.

We are unable to distinguish this case from Marchand v. Emken, 132 U. S. 195, 10 Sup. Ct. 65, 33 L. Ed. 332, in which a patent was held to be void for want of invention, which covered a method of making hydrogen peroxide that differed only from the prior method of making the same in that the liquids which were used to make the hydrogen peroxide were stirred by a revolving screw, mechanically operated, and given "a peculiar motion—one which cannot be given by hand—a continuous movement of rotation, horizontally in opposite directions from the center, or radially and vertically, or nearly so, according to the shape of the vessel." All the other steps were old. The novelty claimed was imparting to the liquid undergoing chemical change a rotary or eddying movement produced by the revolving screw. The court there held that "no intuitive faculty of the mind had been put forth in the search for new methods, creating what had not before existed or bringing to light what lay hidden from vision," and said:

"There is here no sufficient foundation upon which to rest a claim which, if construed as broadly as the complainant insists it should be, practically makes all pay tribute who stir the mixture in question by machinery, and by hand also, provided substantially the same movement can be produced by hand-stirring, and this seems to be a disputed question upon the proof"—citing Hollister v. Benedict Mfg. Co., 113 U. S. 59, 72, 5 Sup. Ct. 717, 28 L. Ed. 901; Dreyfus v. Searle, 124 U. S. 60, 8 Sup. Ct. 390, 31 L. Ed. 352; Crescent Brewing Co. v. Gottfried, 128 U. S. 158, 9 Sup. Ct. 83, 32 L. Ed. 390.

Nor can we distinguish this case in principle from Wright & Colton Wire Cloth Co. v. Clinton Wire Cloth Co., 67 Fed. 790, 14 C. C. A. 646.

If the plaintiff's patent is valid upon the ground that he has invented a new process, then not alone those who perform the operation of "sticking" fur to a hat body by a combined pressing and vibrating jigger action by use of machinery, but also those who by use of these movements effect the same result by hand, must pay tribute to the patentee. A combined pressing and rubbing by hand of the fur fibers against the felted hat body for the purpose of effecting a preliminary sticking of the fur to the felted body, it is admitted, is old in the art of making napped hats, and this is all that is effected by the use of the jigger.

[4] It was strongly urged in argument that the learned judge who heard the case below erred in his finding "that the use of vibrating jiggers for performing entirely analogous operations and securing entirely analogous results is proved to have been familiar in the art before Baglin's application," and that he had failed to distinguish between the art of "felting" and "sticking"; that in the former, carroted fur is used—that is, fur that has been treated by a solution of nitrate of mercury so as to remove the water-repellent substance covering the fibers of the fur, causing the scales upon their surface to protrude to a greater extent than they do upon those of raw or uncarroted fur, and the body of the fiber itself to absorb moisture, making it more pliable and in this condition more easily to interlock with other fibers of fur,

or of wool; while in the latter, where a napped hat is to be made, raw or uncarroted fur, which has not been so treated, is used.

While we do not doubt that the word "stick" means to those skilled in the art the preliminary union of the fibers of the fur with a felted hat body, and that sticking as a useful art may be the subject of a patent, it is nevertheless true that the manufacture of napped hats is old in the arts and that the method pursued by the manufacturer was to felt the roots of the fur fibers with the felted hat body. Burr v. Duryee, supra.

[3, 5] We think the process of sticking is analogous to the process of felting, and that the two processes only differ in the extent to which the fibers become interlocked. In that of sticking, only a part in length of the fur fibers becomes interlocked with the wool fibers; while in felting the fur fibers become interlocked with the wool fibers or with other fibers of fur for their whole length. It is not invention to apply an old force "through known instruments, used in their accustomed manner to known objects and producing known effects." All the forces applied by Baglin and covered by his claim were old. The jigger itself was a well-known instrument and used by him in its accustomed manner. The objects to which it was applied and the result produced were old. The old vibrating jigger was applied by Baglin to another use beside that of felting, and in its new use it introduced no new method in the art of sticking.

We therefore think, as did the learned judge in the court below:

"That the claims of the plaintiff are void for want of invention in that they purport to cover only the use of an old device for accomplishing by machinery the same pressure and rubbing which was formerly effected by hand."

The decree of the District Court is affirmed; the appellee to recover costs in this court.