## ROSENWASSER BROS., Inc., v. B. E. MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 68.

1. Patents ⊂⇒328—For leggings held void.
    The Rosenwasser patent, No. 988,145, for improvement in leggings, *held* void for lack of invention.

2. Patents ⊂⇒82—Withdrawal of invention from application not abandonment.
    Where an application for patent covered two forms of structure, but claims relating to one were withdrawn at instance of the examiner and made the basis of a separate application, such withdrawal was not an abandonment of the invention.

    Manton, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Rosenwasser Bros., Incorporated, against the B. E. Manufacturing Company. Decree for defendant, and complainant appeals. Affirmed.

Charles H. Wilson, of New York City (J. E. Bull, of New York City, of counsel), for appellant.

Otto Munk, of New York City (W. A. Redding, of New York City, of counsel), for appellee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. This is a suit on patent 988,145, issued March 28, 1911, on an application filed December 22, 1910, to Morris Rosenwasser for improvements in leggings. The District Judge dismissed the bill.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The article in question is a very old one in kind, and the prior art is filled with varieties in form. The fact that there was no exact combination like Rosenwasser's, and that his produces a better legging than any prior one, is not conclusive of patentability. The District Judge found, and we think rightly found, it to lack invention. It is rather a step in advance, made in the ordinary course of improvement by a person skilled in the art. Many of the other forms of leggings were excellent, and are still used with entire satisfaction. Rosenwasser's, though a better, was not a new, result. No crying need existed, which persons skilled in the art were striving to meet, and which were met by the patented combination, so as to altogether or largely displace former combinations. While it is not possible to definite scientifically what improvements are entitled to be called inventions, we agree with the District Judge that Rosenwasser's combination of old elements is not entitled to be so described.

[2] The District Judge, however, relied also upon a second reason for dismissing the bill. Assuming the combination to be an invention, he held that in Rosenwasser's earlier application of August 23, 1910, the examiner in the Patent Office ruled out the subject of the patent sued on, and Rosenwasser acquiesced in this action by deleting everything relating to it from the application. This the District Judge regarded as a surrender of the invention, if it be one, to the public. In this we think he erred, and as an important matter of practice is involved it seems well to say so.

Rosenwasser's original application of August 23, 1910, covered two forms of legging; one having no central hook, for which patent 979,-708 was issued December 27, 1910, on his original application, and also one having a central hook, for which upon a subsequent application of December 22, 1910, the patent now sued on was issued March 28, 1911. Claims 1 and 2 of the original application were broad and generic, and were rejected by the Examiner on the prior art. If they had been allowed, both forms of the invention would have been covered by a single patent. The Examiner did not reject either specific form of invention, or require the applicant to surrender either, but only to limit his claim to one, and file a separate application for the other. Rosenwasser, not being able to get one patent covering both specific forms, withdrew the form having a central hook, and filed another application for a patent to cover it, five days before the patent for the legging without the central hook issued. Therefore the applications were copending. The course taken was in accordance with rule 42 of the Patent Office which reads:

"42. If several inventions, claimed in a single application, be of such a nature that a single patent may not be issued to cover them, the inventor will be required to limit the description, drawing and claim of the pending application to whichever invention he may elect. The other inventions may be made the subjects of separate applications, which must conform to the rules applicable to original applications."

Obviously Rosenwasser did not abandon the invention which he withdrew from the original application, but only his application for it.

Hayes-Young Co. v. St. Louis Co., 137 Fed. 80, 70 C. C. A. 1. Walker, on the subject, says:

"Sec. 145. * * * Where an application covers two inventions, one of which is withdrawn therefrom by division, and made the subject of a divisional application, that new application relates back to the original application from which it was carved, and is not chargeable with any diminution of significance on account of the transaction."

For want of invention, however, the decree is affirmed.

MANTON, Circuit Judge (dissenting). As the prevailing opinion says, the prior art, which forms a large part of the record here, is filled with varieties in form of leggings. The prior art does not disclose any exact combination, as does the patent in suit. This legging has been commercially successful. I cannot agree with the prevailing opinion, which says there is lack of invention. The features which are new in the legging provide for a metal stiffening member on both flaps, a single hook, with a plurality of eyes on the flaps, co-operating with the metal stiffness, and a lacing thread through the hook and eyes for adjusting and holding the legging in place. This combination of elements, some of which were old in the art, produces a new result, in that by a single straight end pull of the lacing a more uniform overlapping of the ends of the legging is obtained. The operation of lacing may be completed with one pull. By this arrangement the ends of the legging do not wrinkle, and the elimination of some exposed hooks, which might catch foreign substances, such as grass and twigs of trees, is an improvement.

An examination of the prior art, indicating the grant of many patents, because of improvements which, to me, are less substantial and successful than the one here in question, convinces me that we should sustain the Patent Office in holding that this legging is new and patentable. The presumption of validity flowing from the grant by the Patent Office is too often lightly considered.