## MUMM v. JACOB E. DECKER & SONS.*
### No. 10552.

Circuit Court of Appeals, Eighth Circuit.
Nov. 2, 1936.

*Writ of certiorari granted 57 S. Ct. 434, 81 L. Ed. —.

Ralph F. Merchant, of Minneapolis, Minn. (Merchant & Kilgore, of Minneapolis, Minn., on the brief), for appellant.

Maurice M. Moore, of Minneapolis, Minn. (R. F. Clough, of Mason City, Iowa, and Paul, Paul & Moore, of Minneapolis, Minn., on the brief), for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This appeal is from a decree entered after sustaining a motion to dismiss a bill of complaint in a suit for patent infringement.

The sole question here is whether a so-called "short" bill in a patent infringement suit is sufficient. A "short" bill is one that omits to allege that the invention involved in the suit was not known or used by others in this country prior to the inventor's discovery thereof and not patented, or described in any printed publication in this or any foreign country before such discovery, or that for more than two years prior to the filing of the application the discovery was not in public use or on sale in this country, or that it had not been abandoned, or that no application for a foreign patent therefor had been filed for more than twelve months prior to the filing thereof—the subject-matters of the above allegations being the requirements under sections 31 and 32, U.S.C.A. title 35.

There is no difference between the parties as to the fact that prior to promulgation of the General Equity Rules of 1912 (28 U.S.C.A. following section 723), the established rule was that such allegations were necessary to the sufficiency of such a complaint. The contention here is that rule 25 of the above General Equity Rules (28 U.S.C.A. following section 723) has changed this situation.

Rule 25 sets forth what shall be contained in a bill in equity. A portion thereof is as follows: "Third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence." The argument of appellant is that the above matters are not ultimate facts upon which the plaintiff in a patent infringement case must depend in order to establish his right of action. The position of appellee is that they are ultimate facts under the above statute.

The history of litigation involving this point since the equity rules became effective has resulted in a complete opposition of opinion. The District Courts are divided and the only determinations by Courts of Appeal are directly opposed. In Moeller v. Scranton Glass Instrument Co. (C.C.A.) 19 F.(2d) 14, the Third Circuit determined that the short form of bill was sufficient. In Ingrassia v. A. C. W. Mfg. Corporation, 24 F.(2d) 703, the Court of Appeals for the Second Circuit determined the direct opposite.

We think the Second Circuit is right. First. Whether viewed as a contract or as a grant or franchise, a patent is purely a statutory creation and Congress may put such limitations upon its allowance as it pleases. Mast, F. & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856. Congress has seen fit to prescribe the conditions under which a discovery may be patentable and all of the matters covered by the above allegations are required in that statute (section 31). Unless they have been complied with, there can be no valid patent issued. Since the maintenance of an infringement suit must rest upon the validity of the patent, it is necessary to allege those facts, compliance with which is required by the statute for a valid patent. Rule 25 made no change in the theretofore necessity to plead all ultimate facts upon which the patentee must rely to recover in an infringement action. The allegations required by section

31 were ultimate facts within the meaning of the decisions prior to promulgation of the General Equity Rules of 1912. Hayes-Young Tie Plate Co. v. St. Louis Transit Co. (C.C.A.8) 137 F. 80, 81, certiorari denied 199 U.S. 609, 26 S.Ct. 750, 50 L.Ed. 332. Their character has not been affected by the rule, which still requires pleading of ultimate facts. The statement of these statutory requirements is not pleading of merely evidence, it is pleading of ultimate facts which are to be supported or overthrown by evidence.

Second. It may be argued that section 69 of title 35 U.S.C.A. requiring the defendant to give notice of his intention to rely on any one or more of the above requirements or to be denied reliance thereon is a statutory recognition that the above matters are negative averments and matters of defense. A proper understanding of that section will lead to a contrary conclusion. It is noteworthy that the section does not require that such matters be pleaded as special defenses. All of them may be presented under a general denial. A general denial attacks only allegations appearing in the bill of complaint. Therefore, it would seem that this section, at least by clear implication, recognizes the necessity of affirmative pleading of those matters in the bill. The purpose of the section is, obviously, to narrow the issues through the form of a waiver, thus preventing surprise or a great amount of often expensive preparation by the plaintiff to meet those matters which are usually more or less formal, in a practical sense, and which will not be real issues in the case. It seemed to us that this section presents a very strong argument in support of the necessity of pleading these matters in the bill.

There is another consideration which probably has no real place in solution of this problem, yet it is not to be entirely lost sight of. That consideration is the practical effect of requiring such allegations in the bill. It sometimes happens that the patentee cannot truthfully make some of these averments. This is not a bare theoretical situation as is evidenced by a case in this Circuit [Hayes-Young Tie Plate Co. v. St. Louis Transit Co. (C.C.) 130 F. 900, 902, affirmed (C.C.A.) 137 F. 80], and the case determined by Mr. Justice Thompson on the Circuit (Sullivan v. Redfield, Fed.Cas. No. 13,597). Where such a situation arises, litigation may be prevented, or, if initiated, may be easily and speedily terminated by a motion to dismiss the bill.

The decree should be, and is, affirmed.