88 C.C.P.A.(Patents)

## Application of STRAIN.
### Patent Appeal No. 5737.

United States Court of Customs and
Patent Appeals.
March 6, 1951.

Edmund H. Parry, Jr., Washington, D. C. (Olen E. Bee and Raymond S. Chisholm, Pittsburgh, Pa., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON and WORLEY, Judges.

GARRETT, Chief Judge.

This appeal brings before us for review the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner, hereinafter referred to as the examiner, denying all the claims numbered 15 to 19, inclusive, of appellant's application for patent relating, according to the specification, "to a new group of unsaturated esters capable of polymerization to form valuable resinous products." The application, serial No. 508,259, was filed October 29, 1943.

The issue presented by this appeal involves only a question of law relating to Patent Office practice, and it is, therefore, unnecessary to quote or analyze the claims or to describe the alleged invention in detail.

All the claims are product claims, and, apparently, it is agreed now (although counsel for appellant appear to have argued otherwise before the Board of Appeals at one time) that their subject matter is sufficiently disclosed but not claimed in a patent, No. 2,379,251, issued June 26, 1945, to Irving E. Muskat and appellant as joint inventors upon an application, serial No. 403,703, filed July 23, 1941.

To state the situation somewhat differently, appellant, alleging that he is the sole inventor of certain subject matter disclosed but not claimed in a patent issued to himself and Muskat jointly, is seeking to obtain patent for such subject matter as a sole inventor.

Both the patent and the application stand assigned to a common assignee, which is the actual party in interest here.

We note that the application for the patent and the application here involved were copending in the Patent Office for more than a year and a half.

Nevertheless, the patent was cited as a reference and claims 10–15, inclusive, were rejected by the examiner as being fully met by it. Claims 16–19, inclusive, were rejected "as not reading on the elected species." The board made no specific reference to that ground of rejection of the latter group, but its affirmation of the decision of the examiner was expressed in general terms and appellant's reasons of appeal do not embrace any allegation of error as to that ground. Hence, those claims are not before us. See In re Boyce, 144 F.2d 896, 32 C.C.P.A., Patents, 718, 1944 C.D. 609, 568 O.G. 568.

It is noted also that Strain's application as sole inventor of the subject matter not claimed in the joint application was not filed until more than two years after the filing of the joint application of himself and Muskat, which matured into the patent.

It is said in the brief for appellant: " * * * The issue presented here involves the propriety of the rejection of claims 10 to 19, inclusive, upon the unclaimed disclosure of the copending patent in which appellant and Muskat are joint patentees."

The brief of the Solicitor for the Patent Office states: " * * * the sole issue before the Court is whether the rejection on the unclaimed disclosure of the prior copending patent in which appellant and one Muskat are joint patentees was proper."

For reasons hereinafter appearing, old Patent Office Rule 75, the substance of which is embodied in new Rule 131, 35 U.S.C.A.Appendix, is here quoted: "75. When an original or reissue application

is rejected on reference to an expired or unexpired domestic patent which substantially shows or describes but does not claim the rejected invention, or on reference to a foreign patent or to a printed publication, and the applicant shall make oath to facts showing a completion of the invention in this country before the filing of the application on which the domestic patent issued, or before the date of the foreign patent, or before the date of the printed publication, and shall also make oath that he does not know and does not believe that the invention has been in public use or on sale in this country, or patented or described in a printed publication in this or any foreign country for more than one year* prior to his application, and that he has never abandoned the invention, then the patent or publication cited shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than one year* prior to the date on which application was filed in this country."

---

"*In the case of applications for patent filed prior to August 5, 1940, this period is two years instead of one year."

The following is taken from the statement of the examiner made in the instant case after the appeal to the board:

"It is the position of the Examiner that in order to overcome the Muskat et al. patent applicant must do two things

"1. File an appropriate affidavit under Rule 75 overcoming the filing date of Muskat et al.

"2. Obtain a disclaimer by Muskat as to the common subject [matter] between the claims of the present application and the disclosure of the Muskat et al. patent.

"Applicant has done neither of these things but instead argues that he is entitled to the filing date of the Muskat et al. [application]."

Counsel for appellant seem to have interpreted the position of the examiner to be that appellant was required either (a) to file affidavits, or, in the alternative, (b) to secure the disclaimer of Muskat. We do

not so understand the examiner's statement. As we understand it, the examiner was of opinion that it was incumbent upon appellant to do both. In support of his view, he cited the decision of the Board of Appeals in Ex parte Harris, reported in 70 USPQ 552, and the Manual of Office Procedure, 9th Edition by C. L. Wolcott, quoting from both the decision and the manual.

The brief for appellant states, in substance, that no affidavit was filed under old Rule 75 because it was desired to test the soundness of the rejection based upon disclosure of the patent.

Certain of the facts in the Harris case, supra, the decision in which does not appear to have been appealed, are analogous to those in the case at bar, but one distinction seems to be that certain of the matter claimed by Harris as sole inventor had been *claimed* previously as well as disclosed in a patent issued to Harris and a party named Epstein as joint inventors, while here the subject matter now claimed by Strain was not claimed in the patent although disclosed.

Neither the Harris case, supra, nor the Wolcott manual was discussed in either the decision of the board or in the brief of the Solicitor for the Patent Office before us, but there are other citations to which we refer hereinafter.

It may be said that in the Harris case, supra, the board held that neither the affidavit of Harris filed under old Rule 75 of the Patent Office nor the affidavit of Epstein in the nature of a disclaimer were found sufficient to support the claim of Harris to be the sole inventor. Hence, the joint patent was sustained as a valid reference. With respect to the disclaimer the board said: " * * * The disclaimer by Epstein * * * is regarded as of no weight in the situation. The controversy is not between applicant and Epstein but one in which rights of the public are involved."

In the instant case, where the subject matter concededly was not claimed in the patent, the board, while sustaining the examiner's holding that an affidavit under

old Rule 75 was necessary, in effect, overruled the latter's holding with respect to the necessity for a disclaimer on the part of Muskat, saying that consideration of various pertinent decisions indicate that: "Where the invention of the sole applicant was *not* claimed in the joint application, no disclaimer by the other joint applicant is necessary since he should not be required to disclaim an invention which he never claimed as his own to begin with. * * * (Italics quoted.)"

In appellant's reasons of appeal to us it is stated: "8. The Board of Appeals erred in failing to hold that a copending sole application is a continuation of, and entitled to the effective date of, an earlier filed joint application for an invention disclosed in the joint application under the circumstances that the invention was a divisible invention and had never been claimed in the joint application."

In respect of this contention, the brief of the Solicitor for the Patent Office states: "At this point it is necessary to point out that though appellant earnestly urges that the presently involved application is a continuation in part of the reference patent, and thereby entitled to the benefit of the filing date of the reference * * *, the application itself does not indicate by any language therein and the record does not show, except for assignment of error No. 8, that applicant stated that the presently involved application is a continuation in part of the reference patent."

The statement of the solicitor is correct and, since appellant did not see fit to state in his application, as customarily is done, that his application was either a continuation-in-part, or a division, of the joint application, it is difficult to discern any justification for the allegation of error on the part of the board. The examiner made no reference to that subject matter and it was not referred to in the reasons of appeal accompanying the appeal from the examiner to the board.

Appellant places reliance upon the decision of the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia Circuit) in the case of In re Roberts, 263 F. 646, 49 App.D.C. 250, C.D. 158.

We had occasion to study and apply that decision in the case of Manny v. Garlick et al., 135 F.2d 757 at page 767, 30 C.C. P.A., Patents, 1008, at pages 1021–1022, where we said:

"* * * In that [the Roberts] case it appears that a joint application made by Roberts and his son was involved in an interference with one Bruckman. Priority was awarded to Bruckman upon the ground that the testimony showed that Roberts and his son were not joint inventors. After such award of priority a patent was issued to Bruckman. It appears that more than two years after the issue of said patent Roberts filed a sole application for the invention as a continuation of the former joint application which was presumably still pending in the Patent Office. His claims were rejected upon the ground that the patent to Bruckman was a statutory bar to their allowance, the Patent Office tribunals declining to consider said sole application as a continuation of said joint application. This the court found to be error and held that Roberts was entitled to the filing date of the joint application for conception and reduction to practice of the invention; that the joint application was filed through mistake or inadvertence and without fraudulent intent. Therefore the decision appealed from was reversed. However, in concluding its opinion the court stated:

" 'It perhaps is unnecessary to add that a party who seeks to correct his own mistake must act with reasonable diligence, and also assume the burden of establishing his good faith.' "

Other cases to which we therein referred in connection with the question of diligence were Briggs et al. v. Kaisling, 53 App.D.C. 49, 288 F. 254; and Crane v. Grier and Warren, 71 F.2d 180, 21 C.C.P.A., Patents, 1163.

█ In the case of In re Perrin, 142 F.2d 277, 31 C.C.P.A., Patents, 1041, we again emphasized the necessity for a sole applicant, in order to obtain the benefit of

the filing date of an application in which he was joint claimant, showing that the joint application was made through inadvertence or mistake, and that he acted with reasonable diligence to correct it. We indicated also, as stated in the third headnote of the decision, that the sole applicant should present the exact line of division between matters of joint invention and matters claimed in the sole application.

It may be said that in the Roberts case, supra, the subject matter seems to have been *both* disclosed and claimed in the joint application, and the court indicated the necessity of an admission by one joint applicant that the subject matter was the sole invention of the other applicant. This would be a disclaimer in fact whether or not formally so designated.

In the instant case the Board of Appeals held, in effect, that that rule is applicable in the cases where the subject matter is *claimed* in a joint application, but not applicable in cases where it is *not* claimed. Hence, it did not regard it applicable in the instant case.

The board also held that no affidavit by a sole applicant under old Rule 75 is necessary where the matter has been *claimed* in a joint application, but that it is necessary where, *as here,* the matter has *not* been claimed in the joint application.

In a supplemental brief, filed with the consent of the court, it is argued on behalf of appellant that he is entitled to the benefit of the joint patent under rulings made by this court in the cases of Teter v. Kearby, 169 F.2d 808, 36 C.C.P.A., Patents, 706; and Ware v. Carlton et al., 173 F.2d 366, 36 C.C.P.A., Patents, 957, but, as is pointed out in the brief of the Solicitor for the Patent Office, we did not deviate in either of those cases from our holdings in the Perrin case, supra, where we followed the Manny case, supra, which accorded, insofar as here pertinent, with the Roberts case, supra.

Several cases other than those which have been discussed herein are cited in the respective briefs filed before us, but they relate principally to questions which are only collateral to the ultimate issue and it is unnecessary to review them.

What is really involved here is a practice of the Patent Office under a rule, or rules, of long standing evolved out of years of experience by highly trained specialists and experts. The Patent Office Rules may not be lightly disregarded, nor is any one of them to be set aside unless found unreasonable and prejudicial to an inventor's rights under the statutes enacted for the administration of the constitutional provision for the encouragement of invention.

We are of opinion that appellant here failed to make the showing necessary to establish that his application is a continuation-in-part or a division of the joint application which matured into patent so that he is entitled to the benefit of the filing date of the joint application.

He failed to present facts which, under all the pertinent decided cases, should have been presented. His oath to the application is strictly conventional. There is no statement that the assertion of joint invention implicit in the joint application was due to inadvertence or mistake; no statement as to when it was discovered that he was the sole inventor; nor any explanation of why some twenty-seven months elapsed between the filing of the joint application and the filing of the sole application. The tribunals of the Patent Office and the court are asked to presume those things from a conventional oath and thus disregard the oath, also conventional, attached to the joint application. Why should the tribunals of the Patent Office and the courts be asked to assume essential but unproven facts which lie peculiarly within the knowledge of a claimant and which he does not divulge? We think the answer is that they are not required to assume them.

The burden rests upon the sole applicant, or in this particular case, probably upon the assignee, to establish the essential circumstances in some manner and Patent Office old Rule 75 seems to have furnished a simple and convenient method for doing so.

The brief for appellant states: "Not infrequently, obtaining affidavits of this [old Rule 75] character is a burdensome and expensive problem. In assigned applications, the burden frequently rests entirely upon the assignee to obtain such affidavit from an inventor having no remaining interest in the invention who may in the course of subsequent employment by others even have acquired adverse interests in a perfectly honest and ethical manner."

It is recognized that under some circumstances difficulties may arise, but rules of procedure may not be predicated upon mere expediency to exclusion of a requisite principle of procedure. So far as the instant case is concerned, there is no claim that the assignee would have had any difficulty in securing the testimony of either the applicant, Strain, or his co-patentee, Muskat, had the testimony of the latter been essential.

We are of opinion that there was no error in the holding of the Board of Appeals to the effect that an affidavit under Patent Office old Rule 75, in force at the time the involved application was under prosecution in the Patent Office, was necessary and that without one sufficient in character and content to establish the essential facts hereinbefore outlined, the joint patent is a valid reference against the sole application.

There was, of course, no assignment of error relative to the board's holding that no disclaimer was required under the facts here appearing and no issue respecting that is before us. We deem it not inappropriate, however, to say that while we agree that in the instant case no disclaimer was required, we can conceive of situations arising (even in cases where subject matter is disclosed in a joint application but not claimed) which might require a statement, not necessarily in the form of a technical disclaimer, of a co-patentee showing that he had no interest in it. That is not the situation here however, and we refrain from further comment concerning it.

An incident of the case requiring notice is that in the brief of the Solicitor for the Patent Office there was suggested a certain "reason for denying appellant the benefit of the filing date of the reference," which appellant moved to strike, alleging, in substance, that it raised an issue not considered by the Board of Appeals, nor by the Primary Examiner, and that this issue was based upon reasons not in the record before us and ignored by the board. In the motion it was requested that "if the matter were not stricken" appellant be permitted to file a supplemental brief.

The Solicitor for the Patent Office filed opposition to the motion to strike and in connection therewith moved correction of alleged diminution of the record by having certified to the court certain pages of appellant's brief before the board.

Acting at chambers, we granted the motion for diminution of the record, costs to be taxed at the final disposition of the case; declined to grant the motion of appellant to strike; and granted appellant's request to file supplemental brief.

We find that in the course of its decision the Board of Appeals did refer to the arguments made in the brief for appellant before it and alluded to in the brief of the solicitor before us, and that instead of ignoring the reasons advanced for appellant, which were to the effect that the products claimed in the sole application were not disclosed in the patent, expressly held that they were disclosed, and said: "* * * This being the case, it must be held that the patent does disclose the compounds of the invention being claimed in this case and therefore constitutes a proper reference. In re Stoll et al., 161 F.2d 241, 34 C.C.P.A., Patents, 1058."

We have not found it necessary to consider the reason so advanced in the brief of the Solicitor for the Patent Office and purposely have avoided discussing the matter of disclosure of the compounds because appellant now concedes it, but we do not think the motion to strike was justified, and, under the state of facts shown, we think it was proper to have the matter appearing in the brief for appellant before the board made a part

of the record before us, although it is not customary so to treat briefs.

Such costs as may have accrued incident to the correction of the record, therefore, will be taxed to appellant.

The decision of the Board of Appeals is affirmed.

Affirmed.