Norman G. HOVLID, Appellant,

v.

Harley ASARI and Mrs. Harley Asari, The Wil-Nes Corporation, Appellees.

No. 17542.

United States Court of Appeals
Ninth Circuit.

July 3, 1962.

748

Fulwider, Mattingly & Huntley, and Francis A. Utecht, Long Beach, Cal., for appellant.

Friedman & Goodman, and Abraham Friedman, Brooklyn, N. Y., and Robert H. Dietrich, Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from a summary judgment entered by the United States District Court upon motion of appellees. Appellant is the owner of Hovlid Letters Patent Nos. 2,748,075 [1] and 2,868,525,[2] both of which relate to an aquarium device. Appellant brought an action against appellees Harley Asari and Mrs. Harley Asari as customers of appellee Wil-Nes Corporation, charging infringement of his first and second patents. The Wil-Nes Corporation then brought an action against appellant for a declaratory judgment declaring appellant's first and second patents invalid and not infringed.

Both actions were consolidated for trial. Appellees filed a motion for summary judgment as to appellant's second patent. The district court entered summary judgment holding appellant's second patent invalid and certified that there was no just reason for delay in entering final judgment. We affirm.

The district court had jurisdiction by virtue of §§ 1338(a) and 1400(b) of Title 28 United States Code. Upon entry of a summary judgment and a final judgment within Rule 54(b), Fed.R.Civ.P., 28 U.S.C., and the filing of a timely notice of appeal, this court has jurisdiction to review the judgment entered below under the provisions of § 1291 of Title 28 United States Code.

Patent No. 2,868,525 relates to aquariums and is particularly concerned with purification, aeration and filtration of water in small aquariums in which fish are kept as a study, entertainment, or hobby.

The question presented is whether or not appellant is entitled to the filing date of an abandoned application; i. e., whether his second patent is entitled to the filing date of an earlier patent application which he abandoned.

Appellant's first patent is the parent of his second patent. The latter is a continuation of the former. His first patent, in turn, was a continuation of a patent application (Serial No. 404,688) filed by him on January 18, 1954; this application [3] was abandoned by appellant when he filed his application for his first patent on November 29, 1955.

An affidavit of commercial success is a part of the Patent Office file history of appellant's second patent. This affidavit, dated March 13, 1958, discloses that devices covered by the second patent were on public sale in March of 1954 (Ex. 3). Neither the filing date of this affidavit, nor the relation of its filing date to the filing date of the application, appears in the record before us.

Appellant's second patent refers to his first patent in the following language:

"This application is a division of application Serial No. 550,039 filed by me November 29, 1955 and issued to me on May 26, 1956 as Patent No. 2,748,075."

---

1. Hereinafter for convenience sometimes referred to as appellant's "first" patent.

2. Hereinafter for convenience sometimes referred to as appellant's "second" patent.

3. Hereinafter for convenience sometimes referred to as appellant's "abandoned application."

Appellant's first patent refers to his abandoned application in the following language:

"This is a continuation of application Serial No. 404,688 now abandoned filed by me January 18, 1954."

The district court held that appellant's second patent contained no reference whatsoever to appellant's abandoned application and, therefore, his second patent was invalid under Section 102(b) of the Patent Act of 1952, 35 U.S.C. § 102(b) by reason of the public use and sale of the device in March of 1954; i. e., more than one year prior to November 29, 1955. November 29, 1955 (the date appellant filed his application which matured into his first patent) was held by the district court to be the earliest filing date to the benefit of which the application for appellant's second patent was entitled.

Appellant specifies as error the district court's Finding of Fact No. 16;[4] Finding of Fact No. 20;[5] Conclusion of Law No. 4;[6] Conclusion of Law No. 6;[7] and, generally, the fact that these findings fail to inform this court of the facts upon which the district court reached its decision.

Appellant contends it was error for the district court to grant summary judgment because there were disputed genuine issues of material fact. We do not agree. The material, indeed, the controlling, facts are not in dispute. They are a matter of public record. The issues, therefore, are of law. Mindful of this court's opinion of the propriety of such a motion in patent cases,[8] we are of the opinion that the district court properly granted appellees' motion for summary judgment holding appellant's second patent to be invalid under Section 102(b) of the Patent Act of 1952.[9]

Appellant contends that appellees cite no authority to refute his contention that the district court's Conclusion of Law No. 4 is erroneous; he argues that appellees cite no statutory or case law as a basis for the conclusion reached therein.[10] But, except for the proposition that summary judgment is improper where genuine issues of material fact are in dispute, appellant cites no pertinent statutory or case law. It may be fairly concluded that this is a case of first impression on the law which controls this controversy.

4. "16. Patent No. 2,868,525 issued to Norman G. Hovlid on January 13, 1959 contained no reference whatsoever to abandoned application Serial No. 404,688 filed January 18, 1954 by way of serial number, filing date or relationship of application."

5. "20. By said petition filed in connection with application Serial No. 707,524 Norman G. Hovlid represented to the Canadian Patent Office that said United States Application Serial No. 550,039 filed on November 29, 1955 is the first application for patent for said invention filed by him in any country."

6. "4. Patent No. 2,868,525 is invalid under Section 102(b) of the Patent Act of 1952 by reason of the public use and sale of the invention by Norman G. Hovlid, individually and doing business as Miracle Filter Co., at least as early as March 1954 which is more than one year prior to November 29, 1955, the earliest filing date to the benefit of which the application for the said patent is or may be entitled."

7. "6. There being no genuine issue of fact with respect to the invalidity of said

Patent No. 2,868,525, the movants are entitled as a matter of law, pursuant to Rule 56 of the Rules of Civil Procedure, to a partial summary judgment in said actions declaring that Patent No. 2,868,525 is invalid."

8. Cf.: Hughes Blades, Inc. v. Diamond Tool Associates, 9 Cir. 1962, 300 F.2d 853; Cee-Bee Chemical Co., Inc. v. Delco Chemicals, Inc., 1958, 9 Cir., 263 F.2d 150.

9. Which in pertinent part reads:
"§ 102. Conditions for patentability; novelty and loss of right to patent. A person shall be entitled to a patent unless—
\* \* \* \* \*
"(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States, \* \* \*."
(35 U.S.C. § 102(b).)

10. We assume he excepts reference to the language of 35 U.S.C. § 102(b) itself.

Appellant urges that the applicable filing date to which his second patent is entitled is January 18, 1954. He urges that by reference in his second patent to his first patent, the filing date to which his first patent is entitled is also the filing date to which his second patent is entitled; since his first patent refers to his abandoned application and since his first patent is entitled to the abandoned application's filing date (January 18, 1954), his second patent is also entitled to his abandoned application's filing date (January 18, 1954); and since his second patent is entitled to and may benefit from the abandoned application's January 18, 1954 filing date, devices covered by his second patent were *not* invalid by reason ·of public use or sale (conceded to have taken place in March of 1954) more than one year prior to the date of his application for a patent in the United States.

Appellees contend, and the district court held, that because appellant's second patent referred (specifically) only to his first patent, the earliest date to which his second patent was entitled was the filing date of his first patent (viz. November 29, 1955) which was more than one year after March of 1954 when the invention covered by appellant's second patent was placed on sale to the public.

Appellant contends that the district court failed to "cite any rule or any decision showing that [his] form of cross-referencing in [his second patent] to be improper." And, contends appellant, the "salient point" overlooked by the district court is "that the U. S. Patent Office will not knowingly issue an invalid patent;" and, because his affidavit of commercial success disclosed sales in March of 1954, the Patent Office, says appellant, would not have issued his second patent with its sole cross-reference to his first patent, unless this cross-reference met the requirements of the Patent Laws relating to cross-referencing in patents. Thus, appellant in effect contends that because the Patent Office did not require him to make a cross-reference to his abandoned application, his form of cross-referencing cannot be held improper.

Prior law, although permitting reliance upon an earlier filing date of an application, did not require cross-referencing. We recently discussed this in Hayes Spray Gun Co. v. E. C. Brown Co., 1961, 9 Cir., 291 F.2d 319, where, at pages 324–325, it was said:

"The trial court correctly held, however, that section 120 is new law and can have no application to patents which issued before its effective date, viz. January 1, 1953. And the court further held, correctly, that prior to the enactment of 35 U.S.C. § 120, the law—both decisional and statutory— 'did not require a cross-reference to a prior application in order to obtain the benefit of its earlier filing date.' The cross-referencing requirement is a salutary one, but it simply did not exist before 1953. \* \* \*" (Footnotes omitted.)

All of the facts in this case arose subsequent to 1953. Consequently, the salutary cross-referencing requirement of Section 120 *did* exist in, and *is* pertinent to, this case.

Sections 120 and 121 of the Patent Act of 1952 (35 U.S.C. §§ 120, 121) read as follows:

"§ 120. Benefit of earlier filing date in the United States.

"An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application, *if* filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application *and if* it contains or is amended to contain a *specific* reference to the earlier filed application. July 19,

1952, c. 950, § 1, 66 Stat. 800."
(Emphasis added.)

"§ 121. Divisional applications.

"If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions. If the other invention is made the subject of a divisional application which complies with the requirements of section 120 of this title it shall be entitled to the benefit of the filing date of the original application. * * * "

Mr. P. J. Federico, Examiner-in-Chief of the Patent Office, in a "Commentary on the New Patent Act", 35 U.S.C.A., pages 31 to 33, refers to the specificity now required.[11]

The reviser's note appended to Section 120 (35 U.S.C.A. § 120) is also elucidating.[12]

The meaning of the phrase "specific reference" as it appears in Section 120[13] is clarified by Rule 78 (C.F.R., Chapter I of Title 37, § 1.78) of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix.[14]

It seems clear that if the benefit of the filing date of a prior application is claimed, the subsequent application must contain or be amended to contain a reference in the specification to the prior application identifying it by serial number and filing date and indicating the relationship of the applications. Having failed to state the serial number, filing date and the relationship of the second patent to the abandoned applica-

---

11. "Continuing applications (section 120). * * *

" * * * As specified in the statute, three conditions must obtain, * * * and (3) the second application must contain a specific reference to the first application. When these three conditions obtain the second application is entitled to have the same effect as though filed on the same date that the first application was filed, with respect to an invention disclosed in both applications. The first two requirements specified are substantially the same as existed under the prior case law, * * *.

    *       *       *       *       *

"The third requirement of the statute is that the second application must contain a specific reference to the first application. In view of this requirement the right to rely upon a prior application may be waived or refused by an applicant by refraining from inserting a reference to the prior application in the later case, although it is difficult to imagine a situation in which this right would be deliberately waived. The reference to the first application may be in the specification or in the oath (but if it appears in the oath alone the Patent Office will require a reference in the specification also) of the second application, and may be added by amendment before the patent issues. The printed copies of the specification of the patent which are made when a patent issues carry a reference to the prior application."

12. "This section represents present law not expressed in the statute, except for the added requirement that the first application must be specifically mentioned in the second."

13. Section 120 is qualified by Section 121 which makes the benefits of Section 120 available to a divisional application where the Commissioner has required division. Appellant's second patent is a division of his first patent. But the division was not made at the direction of the Commissioner. Appellant did it himself. Therefore, whether Section 120 is even applicable in the instant case is, at least, questionable. We have assumed, however, that Section 120 is applicable in order to show that even with its benefits appellant's contentions cannot prevail.

14. Rule 78 provides:
"§ 1.78. Cross-references to other applications

"(a) When an applicant files an application claiming an invention disclosed in a prior filed copending application of the same applicant, the second application must contain or be amended to contain a reference in the specification to the prior application, identifying it by serial number and filing date and indicating the relationship of the applications, if the benefit of the filing date of the prior application is claimed; if no such reference is made the prior application must be referred to in a separate paper filed in the later application. Cross-references to other related applications may be made when appropriate. See § 1.14(b). * * "

tion, there seems to be a complete failure to comply with Rule 78 and Section 120, and consequently, a waiver of the benefits afforded by the latter section.

Appellant also contends the district court's Finding of Fact No. 20 was erroneous because it contained a genuine issue of material fact which he disputes. This finding appears to be cumulative and not controlling. It is not necessary for this court to reach appellant's argument on this issue because, assuming the error contended, what we have held above demonstrates that, in any event, appellant's second patent was invalid, and the district court properly granted summary judgment.

Affirmed.