**STICKER INDUSTRIAL SUPPLY CORP.,**
**Plaintiff-Appellant,**

v.

**BLAW–KNOX CO. and A. J. Boynton & Co., Defendants-Appellees.**

**No. 16866.**

United States Court of Appeals
Seventh Circuit.

Dec. 19, 1968.

Howard L. Kastel, Chicago, Ill., Albert R. Teare, Cleveland, Ohio, for plaintiff-appellant; Altheimer, Gray, Naiburg, Strasburger & Lawton, Chicago, Ill., Teare, Teare & Sammon, Donald A. Teare, Daniel J. Sammon, Cleveland, Ohio, of counsel.

Russell H. Clark, Chicago, Ill., William Henry Venable, Pittsburgh, Pa., for defendants-appellees; Hume, Clement, Hume & Lee, Chicago, Ill., of counsel.

Before HASTINGS, SWYGERT, and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This interlocutory appeal under Section 1292(b) of the Judicial Code (28 U.S.C. § 1292(b)) is from the denial of plaintiff's motion for partial summary judgment. Here a third patent application was a division of a second application which was a continuation-in-part of the first application. The question is whether the third application may obtain the benefit of the filing date of the first application by cross-referencing only to the second application, which in turn cross-references to the first. The background of this dispute is set forth in our previous opinion and need not be restated. See 367 F.2d 744.

In the present appeal, Sticker asserts that defendants' method patent No. 3,-155,497 is invalid under 35 U.S.C. § 102 (b)[1] on the ground that there was an undisputed public use more than one year prior to the earliest date which can be claimed as an effective filing date for the patent.

On December 10, 1953, defendant Boynton's assignors filed the parent patent application No. 397,450 covering both method and apparatus for adding solid material to molten metal. On February 25, 1957, a second application, No. 642,291, was filed, also covering both method and apparatus, and was cross-referenced to the first application as a continuation-in-part. On June 19, 1957,

---

1. Section 102(b) provides:
   "A person shall be entitled to a patent unless—
   *　　*　　*　　*　　*
   "(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States *　*　*."

the Examiner required division between the method and apparatus claims in the second application. The inventors retained the apparatus claims in the second application, and this became patent No. 2,872,180.

In the meantime, on December 2, 1957, the first application was abandoned. Subsequently, on July 24, 1958, the inventors filed a third application as No. 750,603 for the method claims which were removed from the second application. This was identified as a division of the second application, to which reference was made by serial number and filing date, but no reference was made to the abandoned first application. The third application became No. 3,155,497, the patent in suit.

■■ Defendants concede that if the patent in suit is not entitled to the benefit of a 1953 filing date, it is invalid on the ground of public use during the latter part of the summer of 1953. To avoid the statutory bar of 35 U.S.C. § 102(b), they argue that the patent is not only entitled to the filing date of the second application but also to the 1953 filing date of the abandoned application. This argument depends on the proper construction of 35 U.S.C. § 120, which provides:

"An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or

is amended to contain a specific reference to the earlier filed application." [2]

We hold that under this statute the patent in suit is limited to an effective filing date of February 25, 1957, because neither the application nor patent contains "a specific reference" to the 1953 application. This holding is consistent with the 9th Circuit's ruling in Hovlid v. Asari, 305 F.2d 747 (9th Cir. 1962), which was recently approved in Application of Henriksen, 399 F.2d 253, 256 (C.C.P.A.1968). Section 201.11 of the Manual of Patent Examining Procedure (3d ed. rev. 1968) has adopted the same construction.

■ As pointed out in the *Hovlid* case, "if the benefit of the filing date of a prior application is claimed, the subsequent application must contain or be amended to contain a reference in the specification to the prior application identifying it by serial number and filing date and indicating the relationship of the applications" (305 F.2d at p. 751). [3]

■ The defendants assert that they could not have complied with the first part of Section 120, which requires the filing to be "before the patenting or abandonment of or termination of proceedings on the first application." On the contrary, the file history of the 1957 application shows that division was required on June 19, 1957, while the file history of the first application shows that it was abandoned on December 12, 1957. Therefore, defendants had about six months to file the application for the patent in suit before the 1953 application was abandoned. However, even if the abandonment of the first application had preceded the filing of the divisional application, as was the case in *Hovlid* itself, defendants could have com-

2. Under 35 U.S.C. § 121 covering divisional applications, the divisional application is entitled to the benefit of the filing date of the original application if the divisional application complies with the requirements of Section 120.

3. Rule 78 of the Patent Office shows that the "specific reference to the earlier filed application" in 35 U.S.C. § 120 means identification by serial number and filing date and by indicating the relationship of the applications. See 37 C.F.R. § 1.78.

plied with the next clause of Section 120 by making specific reference to the abandoned application "before the patenting or abandonment of or termination of proceedings on \* \* \* an application similarly entitled to the benefit of the filing date of the first application." Here the second, or continuation-in-part, application was entitled to the filing date of the first application since it was specifically cross-referenced to the first application and was filed before the first application was abandoned. Moreover, Section 120 provides that so long as an application is timely filed, it may be amended to add a specific reference to its parent application. Defendants failed to request amendment of their divisional application at any time during the proceedings in the Patent Office.

█ Defendants also rely on a statement in Tietig v. Ladd, 228 F.Supp. 637, 638, note 1 (D.D.C.1964), that the present third "application is a division of application Serial No. 642,291, filed February 25, 1957, which itself was a continuation-in-part of application Serial No. 397,450 filed December 10, 1953." However, this statement does not show that the last application was entitled to the benefit of the filing date of the original application. The question of compliance with Section 120 was not even involved in the *Tietig* case.[4] Similarly, defendants can derive no comfort from our fraud ruling on the earlier appeal. When that appeal was before us, the pleadings did not show that the third application had no cross-reference to the first application, nor was there any claim that under 35 U.S.C. § 120 the patent in suit was not entitled to the benefit of the filing date of the first application. Therefore, the doctrine of *res judicata*, is inapplicable. See 1B Moore's Federal Practice (2d ed.) ¶¶ 0.405[1] and 0.410[1].

Our construction of Section 120 imposes no insuperable obstacles on patent applicants. Here the defendants' assignors could easily have inserted the requisite cross-reference at the time of filing the third application or through appropriate amendments thereafter.

█ Congress may well have thought that Section 120 was necessary to eliminate the burden on the public to engage in long and expensive search of previous applications in order to determine the filing date of a later patent. Indeed, the fact that each application in a long chain grows out of the one immediately preceding it does not necessarily mean that the invention finally described in the last application could properly claim the filing date of the first application even if the cross-references were complete.[5] This also explains why the last clause of Section 120 refers to "the earlier filed application" rather than the "first application." Although Section 120 may not be ideally drafted, it is clear to us that the "earlier filed application" means the first application whose filing date is being claimed by the applicant. The inventor is the person best suited to understand the relation of his applications, and it is no hardship to require him to disclose this information.

Reversed and remanded.

4. Jacquard Knitting Machine Co. v. Ordnance Gauge Co., 213 F.2d 503 (3d Cir. 1954), does not support the defendants. There the third application made specific reference to the first application. See Patent No. 2,397,456. Moreover, that case related to a patent which had issued prior to the 1952 enactment of Section 120. Before then, cross-referencing was not required. Hayes Spray Gun Co. v. E. C. Brown Co., 291 F.2d 319 (9th Cir. 1961).

5. The invention disclosed in the last application would have to be the same as in the first. Application of Risse, 378 F.2d 948, 953 (C.C.P.A.1967); see Armour & Co. v. Wilson & Co., 274 F.2d 143, 148–149 (7th Cir. 1960).