**Sidney O. SAMPSON, Plaintiff,**

v.

**AMPEX CORPORATION, Defendant.**

**No. 69 Civ. 43.**

United States District Court,
S. D. New York.

Oct. 22, 1971.

---

Sidney O. Sampson, pro se.

Burke & Burke, New York City, Fitch, Even, Tabin & Luedeka, Chicago, Ill., for defendant by George I. Harris, New York City, John F. Flannery, Chicago, Ill., of counsel.

## OPINION

GURFEIN, District Judge.

This is an action for infringement of United States Patent No. 3,233,512, issued February 8, 1966 to plaintiff Sidney O. Sampson. The patent is entitled "STEREO TAPE CONTROL APPARATUS FOR A SLIDE PROJECTOR," and the invention which it embodies is an educational device combining a tape recorder and slide projector. There is jurisdiction and venue under 28 U.S.C. §§ 1338(a) and 1400(b). The plaintiff appears *pro se.*

The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that the patent is invalid under 35 U.S.C. § 102(b). The contention is that the plaintiff lost his right to the patent because he described his invention in a printed publication "more than one year prior to the date of the application for patent" (ibid).

On November 14, 1961 Sampson filed his first application (Serial No. 152,359; hereinafter referred to as the 1961 application) for the patent. In December of 1961, for the purpose of soliciting licenses, he printed and distributed about 2,500 copies of a document entitled "Complete Technological Modernization of Education." This document fully described the invention in question, and even contained the specification and drawings of the 1961 application. The document was widely distributed in this country and abroad; recipients included the industry as a whole, newspapers, universities and government officials. Much later, on March 18, 1963 Sampson filed a second application (Serial No. 267,881; hereinafter referred to as the 1963 application) for the patent. As of February 10, 1964, the 1961 application was declared by the Patent Office to have been abandoned for lack of prosecution. Finally, on June 24, 1964 Sampson filed a third application (Serial No. 380,976; hereinafter referred to as the 1964 application), which eventually issued as Patent No. 3,233,512, the patent in suit.

All three applications, as well as the printed publication, appear to disclose the same invention.[1] Finally, the cross-references made in the 1963 and 1964 applications to earlier-filed applications will be noted where relevant in the discussion below.

35 U.S.C. § 102(b) provides in pertinent part:

"A person shall be entitled to a patent unless—

(b) the invention was  *  *  * described in a printed publication in this or a foreign country  *  *  * more than one year prior to the date of the application for patent in the United States  *  *  * "

---

1. The relation of the contents of the 1963 application to that of the other applications is by no means obvious. In view of the defendant's inattention to this point, it is assumed on this motion in plaintiff's favor that the 1963 application disclosed, *inter alia,* the same invention.

This statute clearly provides that a printed publication, even by the inventor himself, will render the disclosed invention unpatentable if published more than one year before the date of the application on which the patent issues. That was, in fact, so held by this Court in a similar case involving this same plaintiff. Robot Education Systems, Inc. v. RCA, 67 Civ. 1818 (S.D.N.Y. Oct. 25, 1968) (McLean, J.), motion to reargue denied (Dec. 3, 1968), motion to vacate denied (Jan. 14, 1970), aff'd Sampson v. Radio Corporation of America, 434 F.2d 315 (2 Cir. 1970). See Rosenberg v. Carr Fastener Co., 51 F.2d 1014, 1016–1017 (2 Cir. 1931); 1 Deller's Walker on Patents § 60 (2d ed. 1964).

Here Sampson filed three "application[s] for patent." The question is, therefore, what § 102(b) means when it speaks of "*the* date of the application for patent," since there are three different "date[s] of the application for patent." The plaintiff asserts that "*the* date" for § 102(b) purposes is November 14, 1961.

Since the Patent Act of 1952 the provisions of 35 U.S.C. § 120 have a bearing on that question. That section provides:

" § 120. Benefit of earlier filing date in the United States.

An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application."

To fall within the purview of this section the later application must satisfy four requirements: (1) the same invention must be disclosed as was disclosed in the earlier-filed application; (2) the inventor must be the same; (3) there must be copendency of applications, *i. e.*, the later application must be filed while the earlier-filed application, or a bridging application similarly dating back to the earlier-filed application, is still pending; (4) the later application must contain a specific reference to the earlier-filed application. See Bendix Corp. v. Balax, Inc., 421 F.2d 809, 817 (7 Cir.), cert. denied, 399 U.S. 911, 90 S.Ct. 2203, 26 L.Ed.2d 562 (1970).

The inventor and the invention are the same. The 1964 application was filed when the 1963 application was still pending and the 1963 application was filed when the 1961 application was still pending. The 1963 application was a bridge, thus providing the requisite copendency of applications.

Accordingly, the defendant's contention on this motion distills to the position that requirement (4) was not satisfied, in that there was no specific reference in the 1964 application to the 1961 application, as the statute requires.

The first problem raised by the fourth requirement is the meaning of "earlier filed application," to which reference must be made in the later application. Here, to save the plaintiff's case, the "earlier filed application" would have to be the 1961 application *if* § 120 is applied directly to give the 1964 application the benefit of the filing date of the 1961 application. The plaintiff also argues for the same result by a repeated application of § 120, first to give the 1964 application the date of the "earlier filed application" of 1963, to which the 1964 application would specifically refer, and second, to give the 1963 application the date of the "earlier filed application" of 1961, to which the 1963 application would in turn specifically refer. While this alternative reading is literally possible, it has been authoritatively held that the statute is not to be so read. Section 120 has been held to require that the latest application in a chain

must refer specifically to the earliest application whose filing date is claimed. Sticker Industrial Supply Corp. v. Blaw-Knox Co., 405 F.2d 90 (7 Cir. 1968); Hovlid v. Asari, 305 F.2d 747 (9 Cir. 1962). But cf. In re Henriksen, 399 F.2d 253, 261, 55 C.C.P.A. 1384 (1968) (dictum).

■■ The second problem raised by the fourth requirement is the meaning of "specific reference" to an earlier filed application. This point is elaborated by Rule 78(a) of the Patent Office Rules of Practice which, when the 1964 application was filed, provided in pertinent part:

"(a) When an applicant files an application claiming an invention disclosed in a prior filed copending application of the same applicant, the second application must contain or be amended to contain a reference in the specification to the prior application, identifying it by serial number and filing date and indicating the relationship of the applications, if the benefit of the filing date of the prior application is claimed; if no such reference is made the prior application must be referred to in a separate paper filed in the later application. * * * "

Courts have adopted this Rule's requirement that the necessary specificity involves reference to serial number, filing date and relationship of applications. *Sticker Industrial Supply Corp., supra,* 405 F.2d at 92; *Hovlid, supra,* 305 F.2d at 751.[2] Moreover, Patent Office Rules are by themselves entitled to considerable deference and are not to be "set aside unless found unreasonable and prejudicial to an inventor's rights under the [patent] statutes * * * " Application of Strain, 187 F.2d 737, 741, 38 C.C.P.A. 933 (1951).

■ One of the purposes of Rule 78(a) is to require a cross-reference that will inform the public that the application is entitled to the benefit of an earlier filing date. The later application should, therefore, describe, in substance, a relationship that would justify giving such benefit, namely, the relationship of continuation, continuation-in-part, or division of the earlier filed application. L. Admur, Patent Office Rules and Practice, § 78.1 (I. Seidman & L. Horwitz eds. 1959); cf. *Gilbert,* 112 U.S.P. Q. 339 (P.O.Sup.Exam.1954).

■■ Furthermore, to satisfy § 120 and Rule 78(a) the specific reference must be made by the applicant, originally or by amendment, in the application itself, *i. e.,* in the specification or the oath.[3]

■■ Under the first reading of § 120 the defendant clearly prevails. This reading requires the 1964 application to refer specifically to the 1961 application. The only reference that appears is one inserted in the heading of the patent, *not the application,* by the Patent Office, not by the applicant:

Substituted for abandoned application Ser. No. 152,356 (*sic*), Nov. 14, 1961.

Moreover, there is no description of any relationship of the applications beyond the word "substituted." Significantly, a substitute application is not entitled to the benefit of the filing date of the earlier application for which it is substituted. This is so because the term "substitute" is used to designate an application which is essentially a duplicate of an application *already* abandoned, and which

---

2. Although the requirement of specific reference did not exist prior to the Patent Act of 1952, it appears that explanatory cross-reference which would have satisfied Rule 78(a) was customary practice even before it became required by statute and regulation. Application of Strain, 187 F.2d 737, 740, 38 C.C.P.A. 933 (1951).

3. The Rule's mention of a "separate paper" merely means that if an applicant is *not* claiming the benefit of an earlier filing date, he must still call the examiner's attention, by means of a separate paper, to the fact that there was a prior application. L. Admur, *supra,* § 78.2. Thus, arguments by the plaintiff based on his "Petition to Make Application 'Special' " and on his request to transfer drawings are irrelevant.

is hence not within the purview of § 120. Hayes-Young Tie Plate Co. v. St. Louis Transit Co., 137 F. 80 (8 Cir.), cert. denied, 199 U.S. 609, 26 S.Ct. 750, 50 L.Ed. 332 (1905); Marvin Glass & Associates v. Sears, Roebuck & Co., 318 F.Supp. 1089, 1101 (S.D.Tex.1970); Manual of Patent Examining Procedure §§ 201.09, 201.11 (3d ed. rev. 1970). So this reference in the patent's heading, rather than informing the public that the patent was entitled to the benefit of an earlier filing date, would tend to discourage the public from searching back. The 1964 application itself made no adequate reference to the 1961 application and, hence, is not within the coverage of § 120.

■ Under the alternate reading of § 120, which requires the 1964 application to refer specifically to the 1963 application and also requires the 1963 application to refer specifically to the 1961 application, the plaintiff must likewise fail. In the 1964 application, the following references appear:

"The novelty of switch 12 is particularly set forth in my copending patent application entitled Track Selection Control Means for Magnetic Signal Recording and Reproducing Systems, Serial No. 267,881, filed March 18, 1963.

The novelty of switch 230 is set forth in my aforenamed copending patent application, Serial No. 267,881 * * * "

Again, the applicant failed to state expressly a relationship which would justify giving the 1964 application the benefit of the date of the 1963 application. For fear of applying the statute and rule too strictly, however, this Court does not rest its judgment on this failure. Instead, this Court turns to the 1963 application.

Although the parties did not address this point, it appears that the only reference in the 1963 application to the 1961 application is as follows:

"This application is a division of my track selection control means invention, first disclosed in the applica-

tion entitled FOUR TRACK MAGNETIC TAPE RECORDERS, Serial No. 797,412 filed March 5, 1959. The other four (4) application divisions of the invention including their respective featured element parts are: * * *

3. COMPLETE TECHNOLOGICAL MODERNIZATION OF EDUCATION, Serial No. 152 359, filed November 14, 1961; this divisional application features the 'stereo amplifiers' part * * * * "

Although this reference indicates that both the 1963 and 1961 applications were divisions of a 1959 application, there is no statement as to a relationship between the 1963 and 1961 applications which would justify giving the former the benefit of the latter's date. Instead, the reference made suggests mutually exclusive divisions, and this suggestion, like "substitute," negates any notice to the public that § 120 applies. This is true whether or not the invention covered by the 1963 application utilized in fact the stereo amplifiers featured in the 1961 application. Therefore, the chain of cross-references fails to satisfy § 120 and Rule 78(a), and the 1964 application is not entitled to the filing date of the 1961 application.

■ As an alternative holding, this Court rejects the second reading of § 120, which was applied *arguendo* in the previous two paragraphs. This Court so holds in the interest of the uniform application of the patent laws and, therefore, follows *Sticker Industrial Supply Corp., supra* and *Hovlid, supra.*

■ For the reasons set out above, the Court holds that the plaintiff's patent is invalid under the terms of 35 U.S.C. § 102(b). The result is, perhaps, unfortunate. But we are constrained to find that the plaintiff has failed to satisfy the statutory requirements of § 120 and has thereby violated the prohibition of § 102(b). Moreover, the requirement of a specific reference is in general a fair one and the policy behind it is a salutary one. That requirement imposes

no great hardship on an applicant, since he is assumed to be intimate with the details of the relationship of his various applications and the public stands to benefit by being able to determine the effective date of an application without engaging in a long and expensive search and comparison of previous applications.

Similarly, in light of the significance of a decision of patent invalidity (see Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)), this Court is reluctant to so decide on summary judgment. Nevertheless, if there is no genuine issue of fact in dispute and if as a matter of law the patent in suit is invalid, the Court has no choice but to dismiss the patent infringement suit.

This Court has not overlooked the presumption of the patent's validity, 35 U.S.C. § 282. In the first place, such a presumption aids the patentee mainly as to issues of fact. Secondly, that presumption was weakened by the absence of a finding by the Patent Office that the patent was entitled to the 1961 date; actually, the Office's reference to the patent as a "substitute" for the 1961 application, a reference which appears in the patent heading as well as several other places in the patent's file, indicates that the Patent Office was operating on the contrary assumption.

This Court's reluctance in granting summary judgment is, however, offset by the realization that the plaintiff may not be entirely remediless in his quest for a valid patent. He should investigate, preferably with the assistance of a competent attorney, the possibility of filing for a reissue patent under 35 U.S.C. § 251. By this method, he may be able to insert the cross-references to the earlier applications which have been held to be necessary. See Sticker Industrial Supply Corp. v. Blaw-Knox Co., 321 F. Supp. 876, 879 (N.D.Ill.1970).

Defendant's motion for summary judgment is granted.

So ordered.