**Sidney O. SAMPSON, Appellant,**

v.

**AMPEX CORPORATION, Appellee.**

**No. 659, Docket 71–2216.**

United States Court of Appeals,
Second Circuit.

Argued May 18, 1972.

Decided July 11, 1972.

----◆----

William T. Hough, New York City (Sidney O. Sampson, pro se, on the brief), for appellant.

John F. Flannery, Chicago, Ill. (George I. Harris, Burke & Burke, New York City and Fitch, Even, Tabin & Luedeka, Chicago, Ill., on the brief), for appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This appeal is from an order, D.C., 333 F.Supp. 242, granting summary judgment in favor of the defendant in a patent infringement action. In 1966, appellant Sampson was granted Patent No. 3,233,512 for an educational device entitled "Complete Technological Modernization of Education." Appellant instituted this suit against Ampex Corporation alleging infringement of that patent. After discovery was completed, appellee Ampex Corporation moved for summary judgment on the ground that the patent was invalid under 35 U.S.C. § 102(b) (1970) because appellant "described [the invention] in a printed publication . . . more than one year prior to the date of the application for [the] patent . . . ." The sole question presented by this appeal is whether, notwithstanding the printed publication disclosing the invention more than one year prior to the filing of the application upon which the patent was issued, the '512 patent is valid because of 35 U.S.C. § 120 (1970) which allows an application the benefit of the filing date of a "prior application" under certain circumstances. For the reasons set forth below, we affirm the decision of the district court that the patent is invalid.

### I.

On November 14, 1961 appellant filed with the Patent Office an application for a patent which disclosed the same invention as was later disclosed in the '512 patent. In December, 1961 appellant distributed approximately 2200 copies of a pamphlet which described the invention. In March, 1963 appellant filed an application for a patent that was a division of an application for a patent entitled "Four Track Magnetic Tape Recorders." The only reference in the 1963 application to the 1961 application was the statement that the "Complete Technological Modernization of Education, Serial No. 152, 359, filed November 14, 1961" was a division of an application that appellant had filed in 1959. On June 10, 1964 the Patent Office notified appellant that, as of February 10, 1964, appellant's 1961 application was deemed abandoned because appellant had failed to file responsive amendments to the final rejection of the 1961 application, which occurred on August 9, 1963. Thereafter, on June 24, 1964, appellant filed an application for a patent "for the improvements in Complete Technological Modernization of Education," the claimed invention that was the subject matter of the 1961 application. The 1964 application contained no reference in either the body or the oath to the 1961 application and the only references to the 1963 application were the statements:

"The novelty of switch 12 is particularly set forth in my copending patent application entitled Track Selection Control Means for Magnetic Signal Recording and Reproducing Systems, Serial No. 267,881, filed March 18, 1963.

.   .   .   .   .   .

" .   .   . The novelty of switch 230 is set forth in my aforenamed copend-

ing patent application, Serial No. 267,881 . . . ."

To summarize the references in the three applications: The 1964 application contained a limited reference to the 1963 application and no reference to the 1961 application; the 1963 application referred to the 1961 application only by the statement that the 1961 application was a division of an earlier filed application. On November 25, 1964, the Patent Examiner notified appellant with respect to his 1964 application:

"It is noted that this application appears to be a substitute for applicant's prior application . . . filed Nov. 14, 1961, abandoned before the filing date of the instant application."

When Patent '512 was finally issued on the basis of the 1964 application, the headnote of the patent recited:

"Substituted for abandoned application Ser.No. 152,356, Nov. 14, 1961. This application June 24, 1964, Ser. No. 380,976."

## II.

The sole issue presented by this appeal is whether under the provisions of § 120, the 1964 application, upon which Patent '512 was issued, can have the benefit of the filing date of the 1961 application. If not, then Patent '512 is concededly invalid under § 102(b) since the December, 1961 publication of the invention was more than a year prior to the 1964 application.

Section 120 provides:

"An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States by the same inventor shall have the effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is

amended to contain a specific reference to the earlier filed application."

Former Patent Office Rule 78(a), which now appears without substantial change as 37 C.F.R. § 1.78(a) (1972), provided:

"When an applicant files an application claiming an invention disclosed in a prior filed copending application of the same applicant, the second application must contain or be amended to contain a reference in the specification to the prior application, identifying it by serial number and filing date and indicating the relationship of the applications, if the benefit of the filing date of the prior application is claimed; if no such reference is made the prior application must be referred to in a separate paper filed in the later application."

The district court correctly concluded that appellant has satisfied three of the four conditions that must be met in order for an application to have the benefit of a prior filing date: the inventor and the inventions described in the 1961 and 1964 applications were the same, and the two applications were considered to be copending because the 1961, 1963, and 1964 applications established a chain of copendency. See Acme Highway Prods. Corp. v. D. S. Brown Co., 431 F.2d 1074, 1078 (6th Cir. 1970), cert. denied, 401 U.S. 956, 91 S.Ct. 977, 28 L.Ed.2d 239 (1971); Bendix Corp. v. Balax, Inc., 421 F.2d 809, 817 (7th Cir.), cert. denied, 399 U.S. 911, 90 S.Ct. 2203, 26 L. Ed.2d 562 (1970); Technicon Instruments Corp. v. Coleman Instruments Corp., 385 F.2d 391, 393 (7th Cir. 1967); Application of Henriksen, 399 F.2d 253, 256–261, 55 C.C.P.A. 1384 (1968). The district court ruled however that appellant was not entitled to the benefit of the filing date of his 1961 application because the 1964 application did not contain a "specific reference to the earlier filed application," as required by § 120 and Rule 78(a).

We agree with the district court that the 1964 application is not entitled

to the filing date of the 1961 application. See Sticker Industrial Supply Corp. v. Blaw-Knox Co., 405 F.2d 90, 93 (7th Cir. 1968); Hovlid v. Asari, 305 F.2d 747, 751 (9th Cir. 1962). The 1964 application did not contain a reference to the 1961 application, to say nothing of the "specific reference" to serial number, and filing date, and a statement of the relationship between the two applications, as required by Rule 78(a). The only reference in the '512 patent to the 1961 application was inserted by the Patent Office, apparently without appellant's objection, and it stated that the 1964 application was "[s]ubstituted for abandoned application Ser.No. 152,356 Nov. 14, 1961." Therefore, appellant cannot claim the benefit of the 1961 filing date.

Appellant contends that since, even though there was no "specific reference" in the 1964 application to the 1961 application, the 1963 application was copending when the 1964 application was filed, the applications constitute a direct chain so that appellant can have the benefit of the 1961 filing date because the 1964 application referred to the 1963 application which referred to the 1961 application. Appellant's contention fails for two reasons. First, from a purely factual standpoint, the references in the 1964 and 1963 applications were not the "specific reference[s]" required by court decision and Rule 78(a). More importantly, however, § 120 has been interpreted, we believe correctly, to require that for a subsequent application to have the benefit of the filing date of an earlier application, it must contain the "specific reference" to the application the filing date of which the applicant seeks to have the benefit. Sticker Industrial Supply Corp. v. Blaw-Knox Co., supra, 405 F.2d at 93.

Although § 120 might appear to be a technical provision, it embodies an important public policy. The information required to be disclosed is information that would enable a person searching the records of the Patent Office to determine with a minimum of effort the exact filing date upon which a patent applicant is relying to support the validity of his application or the validity of a patent issued on the basis of one of a series of applications. In cases such as this, in which two or more applications have been filed and the validity of a patent rests upon the filing date of an application other than that upon which the patent was issued, a person, even if he had conducted a search of the Patent Office records, could unwittingly subject himself to exactly this type of infringement suit unless the later application adequately put him on notice that the applicant was relying upon a filing date different from that stated in the later application. As the court said in Sticker Industrial Supply Corp. v. Blaw-Knox Co., supra at 93:

"Congress may well have thought that Section 120 was necessary to eliminate the burden on the public to engage in long and expensive search of previous applications in order to determine the filing date of a later patent. . . . The inventor is the person best suited to understand the relation of his applications, and it is no hardship to require him to disclose this information."

In view, therefore, of the strong policy of disclosure underlying § 120, appellant's failure to disclose his 1961 application by "specific reference" in his 1964 application prevents him from claiming the statutory benefit of that section, and appellant's patent is therefore invalid under § 102(b).

Affirmed.